**UNITED STATES of America and Buford E. Gamblin**

v.

**Paul HILL, Controller, First International Bancshares, Inc.**

Nos. CA 3–81–0879–C, CA 3–81–0936–C.

United States District Court,
N. D. Texas,
Dallas Division.

April 13, 1982.

James A. Rolfe, U. S. Atty., Dallas, Tex., for plaintiffs.

Ernest E. Figari, Jr., Richard C. Stark, Johnson, Swanson & Barbee, Dallas, Tex., for defendant.

Wm. H. Smith, Gen. Counsel, Johanna M. Sabol, Associate Counsel, Michael F. Crotty, Asst. Counsel, Litigation, Washington, D. C., for amicus curiae American Bankers Ass'n.

H. Gene Emery and Allen Sparkman, Rain, Harrell, Emery, Young & Doke, Dallas, Tex., for amicus curiae Republic of Tex. Corp.

## OPINION

WILLIAM M. TAYLOR, Jr., District Judge.

These are summons enforcement actions under § 7604(a) of the Internal Revenue Code of 1954 (26 U.S.C. § 7604(a)).[1]

Respondent defends on essentially two grounds. The first is that Petitioner has not complied with the *Right to Financial Privacy Act*, 12 U.S.C. § 3401 et seq. The second is that Petitioner does not seek information relevant to his audit of Respondent's employer, First International Bancshares, Inc.

█ The first contention can be disposed of by merely reading the provisions of 12 U.S.C. § 3413(c) which states:

(c) Nothing in this chapter prohibits the disclosure of financial records in accordance with procedures authorized by the Internal Revenue Code.

Two other courts have found in other contexts this language to present a clear exception to the requirements of the *Financial Right to Privacy Act*. See *United States v. McKay*, 608 F.2d 830 (10th Cir. 1979), and *United States v. Wills*, 475 F.Supp. 492 (N.D.Fla.1979).

The second contention shall take a little longer to dispose of.

*United States v. Powell*, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964), requires in a case such as the present that the petitioner make an initial showing that the summons is issued for a proper purpose, that the material sought is relevant to that purpose, that the Commissioner does not have the sought information, and that the administrative procedures of the Internal Revenue Code have been complied with. Once a prima facie showing of these has been made, the burden then shifts to the respondent to show the contrary.

This Court conducted an evidentiary hearing in this matter at which Petitioner presented its usual "minimal" showing. See *United States v. Harris*, 628 F.2d 875, 879 (5th Cir. 1980).

█ Respondent then adduced absolutely no evidence that Petitioner was seeking to ascertain the tax liability of anyone other than the real party in interest here, Respondent, First International Bancshares, Inc. Respondent does not contend that examining the tax liability of First International Bancshares, Inc., is an improper purpose. He also does not contend that the Commissioner has the information sought or that improper procedures have been followed.[2] Respondent is somewhat saying that the information requested is irrelevant to the examination of its tax liability.

---

1. 26 U.S.C. § 7604(a) reads:

(a) Jurisdiction of district court.—If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data.

2. Respondent's Fourth Defense in his answer to the two Petitions is that the summons are vague and ambiguous and improper and unauthorized in that one of the summons, issued August 4, 1980, does require a list of certain files to be produced so that Petitioner may select which files it will have produced. Respondent has not pursued this further.

What Petitioner has sought from Respondent in one summons is a number of files and loan recovery files of certain customers of a subsidiary of First International Bancshares, Inc. In the other summons, Petitioner seeks to look at credit files of certain other customers of that same subsidiary. Petitioner intends to test the veracity of these files by going as far as contacting the customers of the subsidiary to whom the requested files relate and checking the customers' records to see if they coordinated with the subsidiary's records.

An expert witness presented by Respondent testified that in his experience that this examination of customers' records was unprecedented. He testified that, in his long experience, bank loan files had only ever been tested by mailing a post card to a few customers for them to send back verifying the basics of the transactions.

This may be the real reason for the challenge to the summons. The Court can well understand First International Bancshares, Inc.'s concern that its customers will not be unduly bothered by agents of the Federal Government. But, no showing of improper purpose has been made. It is quite apparent that Petitioner is only concerned with the First International's tax liability. That Petitioner is using more stringent, or, one could say, better procedures is of no moment. Respondent's expert did admit that attempts at verification of bank records by use of the mails has led to low numbers of responses from bank customers in the past.

One also must remember that just because certain procedures have been used for many years, it does not mean that they are adequate to achieve the desired result. The reporters are full of cases in which accounting and auditing procedures have been found lacking. A particular example of this was the Equity Funding Scandal.[3]

Petitioner is not accusing First International of the least bit of wrongdoing. He is merely starting to use the more modern procedures that are set forth in the Internal Revenue manual, which he is required to follow. These are proper procedures for Petitioner to use to fulfill a proper purpose.

The Court will enter an order or orders enforcing the summons.

---

3. See *In re Equity Funding Corporation of America*, 416 F.Supp. 161 (C.D.Cal.1976) for the general outlines of this scandal.