588 F.2d 419
 78-2 USTC P 9838
 UNITED STATES of America, and Wendell Edwards, Special
Agent, Internal Revenue Service, Appellants,
v.
T. R. McGUIRT, as President of McGuirt's Electric, Inc., and
McGuirt's Electric, Inc., Appellees.
UNITED STATES of America and W. Donald Bell, Special Agent,
Internal Revenue Service, Appellees,
v.
MARYLAND LUMBER COMPANY, Appellant,
and
The Union Trust Company, Defendant.
 Nos. 77-1816, 77-2177.
 United States Court of Appeals,
Fourth Circuit.
 Argued Oct. 5, 1978.
Decided Dec. 4, 1978.
 
 William A. Whitledge, Tax Div., Dept. of Justice, Washington, D. C. (M. Carr Ferguson, Asst. Atty. Gen., Carleton D. Powell and Jeffrey S. Blum, Tax Div., Dept. of Justice, Washington, D. C., Keith S. Snyder, U. S. Atty., Asheville, N. C., on brief), for appellants in 77-1816.
 Robert D. Hoffman, Charlotte, N. C. (Weinstein, Sturges, Odom, Bigger & Jonas, P. A., Charlotte, N. C., on brief), for appellees in 77-1816.
 Gilbert E. Andrews and Robert E. Lindsay, Tax Div., Dept. of Justice, Washington, D. C. (Jervis S. Finney, U. S. Atty., Baltimore, Md., on brief), for appellees in 77-2177.
 Charles M. Cahn, Jr., Baltimore, Md. (Blades & Rosenfeld, P. A., Baltimore, Md., Allen L. Schwait and Kenneth A. Reich, Garbis & Schwait, P. A., Baltimore, Md., on brief), for appellant in 77-2177.
 Before BUTZNER, WIDENER and HALL, Circuit Judges.
 K. K. HALL, Circuit Judge:
 
 
 1
 These appeals were consolidated because the primary issue presented in both is whether a summons issued by the Internal Revenue Service (IRS) is enforceable if it was issued in aid of an IRS criminal fraud investigation.
 
 
 2
 We delayed determination of this issue until the Supreme Court decided United States v. LaSalle National Bank, 437 U.S. 298, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978). The holding in LaSalle adopted the position taken by the IRS in both these cases: an internal revenue summons is enforceable if issued before the IRS recommends to the Department of Justice that a criminal prosecution be undertaken in regard to matters reasonably related to the subject matter of the summons and if, prior to such recommendation, it was issued for purposes authorized under 26 U.S.C. § 7602, including the elements of "good faith" announced in United States v. Powell, 379 U.S. 48, 57-58, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964).
 
 
 3
 In the Union Trust Company case, the district court summarily enforced the summons notwithstanding taxpayer's defense that it was issued solely in aid of an IRS criminal fraud investigation. We affirm.
 
 
 4
 In the McGuirt case, the district court refused to enforce a summons because the IRS would not produce information which would disclose the identity of a confidential informant. The district court apparently premised its result upon its understanding, before LaSalle, That a summons could not be issued in "good faith," if it was issued for a criminal fraud investigation. We reverse and remand for summary enforcement.
 
 
 5
 Taxpayers contend that summary enforcement is not a proper disposition of their respective cases. We disagree. A separate discussion of the facts and posture of each case is required.
 
 UNION TRUST COMPANY
 
 6
 In the Union Trust Company case, a summons was issued for bank records after a previous summons, enforced by court order, was not honored by the taxpayer, Maryland Lumber Company. Taxpayer alleged that the summoned documents had been stolen during a burglary of the office of its public accountant. In the second enforcement proceeding, the subject of this appeal, the IRS agent supported his petition for enforcement with an affidavit stating that the summons had been issued in good faith and that no recommendation for prosecution of the taxpayer had been made to the Department of Justice at the time of the petition for the second summons. In its response, the taxpayer, as intervenor, renewed the defense asserted in the first proceeding that the summons was issued solely in aid of a criminal investigation and requested discovery and an evidentiary hearing. At hearing, the district court held it was bound by its previous determination and summarily enforced the summons without allowing taxpayer discovery or a second evidentiary hearing. We affirm.
 
 
 7
 The petition, with its supporting affidavit which asserted the continuing good faith purpose of the IRS prior to any institutional recommendation for prosecution to the Department of Justice, constituted a Prima facie Showing sufficient to warrant enforcement. The substance of taxpayer's defense had already been determined against it by the court several months before, no new facts supporting its defense were alleged, and no affidavits countering the agent's affidavit were submitted. Therefore, we think the district court properly acted within its discretion, in reliance upon usual court rules for summary procedure, to deny discovery and an evidentiary hearing. United States v. Morgan Guaranty Trust Co., 572 F.2d 36, 42 (2nd Cir. 1978); United States v. McCarthy, 514 F.2d 368, 373-76 (3rd Cir. 1975) cited in United States v. Rosinsky, 547 F.2d 249, 254 (4th Cir. 1977).
 
 McGUIRT
 
 8
 In the McGuirt case, the taxpayer, T. R. McGuirt, asserted two defenses: first, that the summons was issued solely in aid of a criminal investigation, and second, that because an IRS agent had been given an opportunity several months before to copy the summoned records, the information sought is in the possession of the IRS and enforcement of the summons would be tantamount to harassment.
 
 
 9
 At the hearing following discovery, it was admitted that the IRS initiated its investigation on the basis of an informant's tip and the district court considered inquiry into the origination of the investigation to be essential for determination of the IRS's purpose, whether civil or criminal. The IRS objected to producing the information provided by the informant because it would reveal his identity. Thereupon, the court stopped the proceedings until the IRS agreed to produce that information. In this posture, the case was appealed.
 
 
 10
 In his brief and at oral argument, taxpayer's counsel concedes that the IRS has abandoned its criminal fraud investigation and, therefore, the issue of criminal purpose is moot. But he objects to remand for enforcement because the harassment issue has not been fully litigated. Taxpayer contends that the IRS already has the information sought in its possession. Affidavits for taxpayer were submitted which show that an IRS agent was given an opportunity to copy records now sought by the summons. At hearing, the agent testified that he had in his possession a copy of only one document sought by the summons. On cross examination by taxpayer's counsel, he testified that he had visited taxpayer's business on four occasions spanning a four-month period and, although all taxpayer's records were generally made available to him for viewing and copying, he had copied only one document and had made some notes from the records he had viewed. The total time spent at taxpayer's business was approximately twenty-five hours. His last visit was six months before the summons was issued. None of the taxpayer's affidavits dispute the agent's testimony, and one affidavit executed by taxpayer's bookkeeper states that the agent did not copy the documents made available to him.
 
 
 11
 Reading such facts in light most favorable to taxpayer, we think the IRS has met its burden of proving a good faith purpose for the summons, and we can find no inference of bad faith purpose which could possibly arise upon the facts asserted in taxpayer's affidavits. The only inference which arises is that issuance of a summons after having an opportunity to copy documents constitutes an inconvenience for taxpayer.[1] But inconvenience is not harassment and does not make out a requisite defense that the summons was issued in bad faith. Because no material issue of fact remains, we think summary procedure is warranted, and enforcement of the summons as to all documents except the one already in the IRS's possession is appropriate on remand. E. g. United States v. Morgan Guaranty Trust Co., supra.
 
 
 12
 Therefore, the enforcement order of the district court in the Union Trust Company case is affirmed and the decision of the district court in the McGuirt case is reversed and remanded for enforcement of the summons.
 
 
 13
 AFFIRMED AS TO DEFENDANT UNION TRUST COMPANY; REVERSED AND REMANDED AS TO DEFENDANT McGUIRT.
 
 WIDENER, Circuit Judge, concurring:
 
 14
 I concur in the result and in the opinion of the court in the McGuirt case, No. 77-1816.
 
 
 15
 I concur in the result in The Union Trust Company case, No. 77-2177.
 
 
 16
 I do not think the affidavits which were the only evidence before the district court, and upon which the case was decided, meet the requirements of LaSalle because they do not even address the subject of the institutional commitment of the Internal Revenue Service with respect to a prosecution, other than that no recommendation to prosecute had been made, and do not mention any facts from which could be decided the matter of . . . "delay in submitting a recommendation to the Justice Department when there is an institutional commitment to make the referral and the Service merely would like to gather additional evidence for the prosecution." LaSalle, 437 U.S. at 317, 98 S.Ct. at 2367.
 
 
 17
 Nevertheless, I believe the same matters now before the court were litigated in United States v. Maryland Lumber Company, No. 77-1338, an appeal in which case was pending in our court until recently, when it was dismissed by agreement on October 5, 1978. I think the principle of collateral estoppel bars the further prosecution of this appeal since the judgment adverse to the taxpayer in Maryland Lumber Company Is final.
 
 
 
 [1]
 Taxpayer has not alleged a violation of 26 U.S.C. § 7605(b), which limits second inspections