**UNITED STATES of America and Paulette E. Grierson, Special Agent, Internal Revenue Service, Petitioners,**

v.

**Rudolph A. WILLS, Vice President and Comptroller, First Federal Savings and Loan Association of Cocoa, Respondent.**

**UNITED STATES of America and Paulette E. Grierson, Special Agent, Internal Revenue Service, Petitioners,**

v.

**Frank VINCENT, Vice President of Barnett Bank of Cocoa, Respondent.**

**UNITED STATES of America and Paulette E. Grierson, Special Agent, Internal Revenue Service, Petitioners,**

v.

**Frank COBAS, Vice President and Cashier of United National Bank, Respondent.**

**Nos. 79–318–Orl–Civ–R to 79–320–Orl–Civ–R.**

United States District Court, M. D. Florida, Orlando Division.

Aug. 6, 1979.

---

Kendell W. Wherry, Asst. U. S. Atty., Orlando, Fla., for petitioners.

Lloyd Campbell, Cocoa, Fla., for Rudolph Wills.

Robert T. Westman, Cocoa, Fla., for Frank Vincent.

Maurice B. Gralla of Gralla & Norwich, Cocoa Beach, Fla., for Frank Cobas.

## MEMORANDUM OF DECISION

REED, District Judge.

In these proceedings the Government has petitioned the court for an order enforcing administrative summonses issued under the provisions of Section 7602(2) of the Internal Revenue Code. A consolidated evidentiary hearing was held on the petitions on 2 August 1979.

From the record the following facts have been established. Virgil M. Martin filed federal income tax returns for the years 1975 and 1977 which contained no financial data with respect to or statement of his federal income tax liability for those years. IRS has no record of any filing whatsoever by Mr. Martin for the year 1976. IRS through its Civil Division began an investigation of Mr. Martin's tax liability for the years 1975–1977. In March 1979 the investigation was transferred to the Criminal Division for the purpose of gaining added expertise in the investigative process. The summonses in question where issued by Special Agent Paulette Grierson in April 1979. Agent Grierson is an investigator in the Criminal Division of the Internal Revenue Service. The summonses were directed to financial institutions doing business in Brevard County, Florida. Each summons sought the production of records belonging to the financial institution which pertained to financial transactions between the institution and the taxpayer. The information was sought by the Internal Revenue Service only for the purpose of determining the taxpayer's tax liability for the years 1975 through 1977. The Internal Revenue Service has insufficient information in its possession with which to determine such liability because of the failure of the taxpayer to file proper returns for those years. As of the date of the evidentiary hearing, the Internal Revenue Service had made no intraagency recommendation to seek a criminal prosecution and it had made no request for such a prosecution to the Justice Department. The summonses in issue were properly served on the financial institutions in accordance with Section 7603 of the Internal Revenue Code and notice thereof was given to Mr. Martin as required by Section 7609, IRC. Mr. Martin stayed compliance with each of the summonses and intervened in the ensuing enforcement proceeding.

Mr. Martin objected to the enforcement of the summonses on three grounds. In his Petition to Intervene, Mr. Martin alleged that since 17 January 1979 he has been seeking under the Freedom of Information Act a disclosure from the Internal Revenue Service of its files relating to him. At the hearing before this court on the Government's application to enforce the summonses, Mr. Martin testified that he had not received any of the information sought under FOIA. The second ground the taxpayer raised to bar enforcement was that the notice of the evidentiary hearing given by the court was defective. The notice of the hearing issued by the court stated that the date for the hearing was "*Wednesday*, August 2, 1979 . . ." (emphasis added). While the notice contained an obvious ambiguity, it was sufficient to put the taxpayer on notice of the hearing as evidenced by the fact that the taxpayer was present and prepared for the hearing. This objection requires no further discussion. Finally, Mr. Martin argues that if the summonses are enforced they could yield evidence which might be used against him in a criminal prosecution.

The only financial institution which opposed the enforcement of a summons was the Barnett Bank of Cocoa. It did so on the sole ground that the Internal Revenue Service has not furnished it the certificate of compliance provided for in Section 3403(b) of Title 12, United States Code (Right to Financial Privacy). If Section 3403(b) is held applicable to the enforcement of IRS summonses issued under 26 U.S.C. § 7603, the logical result of such a construction would be to bring the judicial enforcement proceeding within the control of Section 3410 of Title 12 and thereby eliminate by operation of Section 3410(e) of Title 12 the judicial proceeding contemplated by 26 U.S.C. § 7604. It cannot be concluded that Congress intended such a contradictory result in view of the provision in Section 3413(c) of Title 12 which states:

"(c) Nothing in this chapter prohibits the disclosure of financial records in accordance with procedures authorized by the Internal Revenue Code."

For a reference to legislative history which tends to support the court's position that the provisions of 12 U.S.C. § 3403(b) have no application to the enforcement of IRS summonses, see 1978 U.S.Code Congressional and Administrative News, pages 9273, 9356.

With respect to the FOIA defense raised by Mr. Martin, the court is aware of no provision in the Internal Revenue Code which would require the enforcement of an Internal Revenue Service summons to be conditioned on Internal Revenue Service compliance with FOIA. On the contrary, FOIA, 5 U.S.C. § 552, contains specific provisions for its enforcement none of which contemplate denial of enforcement of an Internal Revenue Service summons. As a practical matter, to condition the enforcement of Internal Revenue Service summonses on FOIA compliance would defeat the intent of Congress to provide a speedy method for enforcement of such summonses.

Mr. Martin's final contention is likewise without merit as a matter of law. The evidence before the court shows that the purpose of the inquiry is simply to determine the taxpayer's correct liability for the years 1975 through 1977. The need for the inquiry was created by the taxpayer himself. From the evidence before the court, it appears that no recommendation has been made by the Internal Revenue Service to the Justice Department for a criminal prosecution. Additionally, the Internal Revenue Service has not been shown to have made "an institutional commitment" to a referral for criminal prosecution. The court concludes as a matter of law based on the foregoing that the summonses were issued in good faith and should be enforced. See *United States v. LaSalle National Bank*, 1978, 437 U.S. 298, 98 S.Ct. 2357, 57 L.Ed.2d 221.