**Richard H. and Teresa KISTNER, Plaintiffs,**

v.

**UNITED STATES of America and John M. Willing, Special Agent, Internal Revenue Service, Defendants.**

**Civ. No. 83–270–RE.**

United States District Court, D. Oregon.

April 12, 1983.

Barbara J. Rose, Lake Oswego, Or., for plaintiffs.

G. Scott Nebergall, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., for defendants.

## OPINION

REDDEN, District Judge:

Plaintiffs seek to quash an IRS summons directed to third parties for information concerning plaintiffs' tax liability.

This action may be untimely. Such an action must be commenced within twenty days of receipt of the summons. 26 U.S.C. 7609(b)(2)(A) (1982). This requirement may be arguably jurisdictional, see 26 U.S.C. § 7609(h)(1). The present suit was not commenced until February 4, 1983, while service of summons was allegedly made January 12, 1983. Nevertheless in the interests of justice I reach the merits of the plaintiffs' contentions because this requirement is a result of a recent amendment to the statute, and there has been no allegation of prejudice.

The plaintiff contends that the IRS is investigating him for criminal violations of the Internal Revenue Code, and may not use the civil means of an IRS summons to investigate him under the circumstances. Plaintiff documents his belief with affidavits concerning the statements of an IRS agent to third parties, to the effect that criminal proceedings are in fact contemplated.

Plaintiffs' contentions might be well-taken under the predecessor statute to the current 26 U.S.C. § 7602. However, 1982 amendments to that statute allow the IRS to use the summons for "inquiring into any offense connected with the administration or enforcement of the internal revenue laws." 26 U.S.C. § 7602(b) (1982). This includes investigation of both criminal and civil liability, with the exception that an administrative summons may not issue with respect to an individual when a "justice department referral" is in effect, see 26 U.S.C. § 7602(c). This is defined as occurring when "the Secretary has recommended to the Attorney General a grand jury investigation of, or the criminal prosecution of, such person for any offense ..." 26 U.S.C. § 7602(c)(2)(A)(i). Such a "referral" is also established when the Department of Justice requests the target's tax returns from the Department of the Treasury. 26 U.S.C. § 7602(c)(2)(A)(ii).

These provisions modify the rule laid down by the Supreme Court in *United States v. LaSalle National Bank,* 437 U.S. 298, 310–312, 98 S.Ct. 2357, 2364–65, 57 L.Ed.2d 221 (1978), where the Court held that the IRS could not use its civil enforcement authority to investigate for solely criminal liability. In *LaSalle Bank,* the Court also held that the IRS must exercise its summons authority in "good faith", and may not "delay in submitting a recommendation to the Justice Department when there is an institutional commitment to make the referral." 437 U.S. 316–317, 98 S.Ct. 2367. The government argues that this aspect of *LaSalle Bank* did not survive the 1982 amendments to 26 U.S.C. § 7602, and I agree. In fact, the amended statute codifies the "bright-line" test suggested by

*LaSalle,* to the effect that a summons may only be denied where there has in fact been a "referral" as defined by the statute, *see* Senate Report on P.L. 97–248: "The restrictions on the use of administrative summons stated in *LaSalle* arise from the provision of the present law which limits the use of the administrative summons to the determination and collection of taxes. The bill [the 1982 amendment] expands this authority to include the right to issue a summons for the purpose of inquiring into any offense connected with the administration or enforcement of the Internal Revenue laws." Congress has thus substituted for the "good faith" standard a bright-line test focusing on a Justice Department referral. There has been no allegation of such in this case.

The motion to quash the summons will be denied, and the action dismissed.