UNIVERSAL LIFE · CHURCH, HIDDEN VALLEY CONGREGA-TION, et al., Petitioners,

v.

UNITED STATES of America, Respondent.

Civ. A. Nos. 83–M–11–H to 83–M–13–H.

United States District Court, W.D. Virginia, Harrisonburg Division.

Sept. 9, 1983.

G. Nelson Mackey, Jr., Roanoke, Va., for petitioners.

William French Smith, Atty. Gen. of the U.S., Tax Div., Michael J. Kearns, Washington, D.C., for respondent.

## MEMORANDUM OPINION

MICHAEL, District Judge.

The above-styled cases are before the court upon the petitions filed by the Universal Life Church, the Hidden Valley Congregation, Earl B. Gordon, and Marjorie M. Gordon (the "petitioners") to quash three Internal Revenue Service (the "IRS") summonses pursuant to 26 U.S.C. § 7609(b). Also pending before the court are the cross motions of the United States, the respondent, for summary denial of petitions to quash and for summary enforcement of the summonses under 26 U.S.C. § 7609(h). These three cases were consolidated by court order on June 9, 1983. Section 7609(b) of the Internal Revenue Code of 1954, as amended by the Tax Equity and Fiscal Responsibility Act of 1982, Pub.L. No. 97–248, 96 Stat. 324 ("TEFRA"), establishes the procedure the petitioners must follow when seeking to quash an IRS summons and that section also grants this court jurisdiction over such proceedings. The parties have briefed and argued their respective positions before the court and, accordingly, the matter is now ripe for disposition.[1] The court finds that it must order the summonses enforced and deny the petitions to quash.

---

**1.** On August 11, 1983, two days after this court convened a hearing on the above-referenced petitions to quash, the IRS issued a fourth summons to a fourth third-party recordkeeper in connection with its investigation into the petitioners' tax liabilities for 1979, 1980, and 1981. On August 29, 1983, the instant petitioners again invoked the provisions of 26 U.S.C. § 7609(b) seeking to quash that summons. This petition to quash is Civil Action No. 83–M–23–H on the court's docket. Along with the filing of the petition, the petitioners also filed a motion to stay judgment in three petitions currently before the court. This motion shall be overruled. The court's Order today affects only the three summonses at issue in Civil Action Nos. 83–M–11–H, 83–M–12–H, and 83–M–13–H. If the petitioners believe the facts or the legal issues presented in their petition to quash in Civil Action No. 83–M–23–H are sufficiently distinguishable from the instant petitions to justify the further prosecution of that action, then the court shall rule upon that petition at an appropriate time after the matter has been briefed and argued.

The court is well aware that this case calls for the interpretation and application of procedures and statutes of such recent vintage that, currently, there is but one reported case to draw upon for guidance. However, that one case, *Godwin v. United States*, 564 F.Supp. 1209 (D.Del.1983), contains an exhaustive explanation and analysis of the changes brought about by the Congress with respect to the enforcement of IRS summonses. Furthermore, this court finds that *Godwin* is on point and dispositive of most issues before it today.

The TEFRA amendments now codified in sections 7602 and 7609 contain the changes most relevant to the instant cases. Section 7609 modifies the type of proceeding in which enforcement of a third-party record-keeper summons is litigated. Prior to TEFRA, when the IRS summoned a taxpayer's records from a third-party recordkeeper, such as a bank or securities broker, the taxpayer could prevent compliance with the summons by simple written notice to the recordkeeper that the taxpayer did not want the summons obeyed. It was then the burden of the United States to seek enforcement at the district court level. Section 7609 removes from the government the burden of enforcement and instead, requires the taxpayer to take affirmative action to quash the summons if he or she does not want the third-party recordkeeper to comply with it. The affected taxpayer is now required to file a petition to quash the summons in U.S. District Court within twenty days after the IRS has notified the taxpayer of the summons. If the taxpayer does not petition the court to quash, the summons must be obeyed. *See* S.Rep. No. 494, 97th Cong., 2nd Sess. 281, *reprinted in* 1982 U.S.Code Cong. & Ad.News 781, 1027–29. *See also Godwin, supra,* at 1211–12. The TEFRA amendments now codified in section 7602 shall be dealt with below.

On March 25, 1983, James E. Lamberth, Jr., a special agent with the IRS Criminal Investigation Division issued three summonses as part of an investigation being conducted into the tax liabilities of petitioners Earl B. Gordon and Marjorie M. Gor-

don. All of the summonses were issued to banks where the Gordons are customers. The summonses have been issued in connection with an investigation of the petitioners' tax liabilities for the years 1979, 1980, and 1981, although bank records are also being sought for the year 1978. On April 11, 1983, the petitioners invoked the provisions of section 7609(b), asking this court to quash the summonses. On June 7, 1983, the government moved for summary denial of the petitions to quash and for summary enforcement of the summonses.

For most purposes, the substantive law of summons enforcement was not changed by the TEFRA amendments. To make a *prima facie* case for enforcement under both prior and current law, the United States must show that: (1) the investigation is being conducted for a legitimate purpose, (2) the data sought are relevant to that purpose, (3) the data are not already in IRS possession, and (4) the administrative steps required under Title 26 of the U.S. Code have been followed. *See United States v. Powell*, 379 U.S. 48, 57–58, 85 S.Ct. 248, 254–55, 13 L.Ed.2d 112 (1964); *Godwin v. United States, supra,* at 1212. The court finds the Declaration of Special Agent Lamberth, filed June 17, 1983, sufficient to establish the government's *prima facie* case for summons enforcement. Accordingly, the burden then falls on the petitioners either to rebut the government's showing or to demonstrate that enforcement of the summonses would otherwise be improper. *See Godwin, supra,* at 1213. The petitioners have raised a number of arguments to show why enforcement of the summons would be improper in this case, both in written and oral argument, but the court does not find these grounds sufficient under law to quash the summonses.

First, the petitioners assert the summons with respect to the 1978 tax year is an "unnecessary examination" and is prohibited under 26 U.S.C. § 7605(b). The petitioners argue that their 1978 federal income tax return has already been audited

once and the IRS has no right to conduct a second examination of that tax year. The court finds it cannot categorize this investigation as "unnecessary" in light of Special Agent Lamberth's testimony in his Declaration that the IRS may need information from 1978 in order to utilize indirect methods of proof with respect to computing tax liabilities for the 1979, 1980, and 1981 tax years. Also, section 7605(b)'s prohibition against second inspections of a taxpayer's "books of accounts" does not apply to records summoned from a bank. *See United States v. Chemical Bank*, 593 F.2d 451, 458 (2d Cir.1979).

■ Second, the petitioners argue that the tax year 1978 cannot be investigated because the three-year statute of limitations set forth in 26 U.S.C. § 6501(a) has expired. This argument cannot prevail for a number of reasons. First, the 1978 tax year is not, according to the Special Agent, under investigation. Rather, those records will be used to reconstruct the net worth of the taxpayers for tax years whose statutes of limitations have not yet expired. Furthermore, the passing of the three-year statute would not totally prohibit the right of the IRS to investigate the challenged tax year, since section 6501 has numerous exceptions, such as 6501(c), which eliminates the effect of the statute in the event of false or fraudulent returns.

■ The petitioner's third argument attacks one of the principal TEFRA amendments: the statutory change-over from the old "criminal purpose" test to the new "bright line" test of section 7602. Prior to TEFRA, a taxpayer could challenge a summons on the grounds that it was issued solely for the purposes of gathering evidence in a criminal investigation. In *United States v. LaSalle National Bank*, 437 U.S. 298, 318, 98 S.Ct. 2357, 2368, 57 L.Ed.2d 221 (1978), the Supreme Court established guidelines for district courts to follow to the effect that a summons must be quashed if the IRS was seeking information in a case where it had already institutionally committed itself to refer that case to the Department of Justice for criminal prosecution. Under TEFRA's "bright line" test, a summons issued for a criminal purpose is enforceable unless there has been a "Justice Department referral," as that term is explicitly defined in section 7602(c)(2). *See Godwin, supra*, at 1213–14. Special Agent Lamberth has stated in his Declaration that there has been no referral to the Justice Department within the meaning of 7602(c)(2). Nevertheless, counsel for petitioners asserted in oral argument that the bright line test offers too much opportunity for abuse by the IRS, in that the agency can simply delay the formal reference under section 7602(c)(2), while it gathers information for a criminal prosecution through its summons power. Petitioners argue that this is, in fact, what is occurring with the summonses at issue, and have provided the court with various correspondence, newspaper clippings, and the like to demonstrate that the IRS has made the institutional commitment to refer participants in the Universal Life Church's alleged tax avoidance schemes for prosecution. The court does not agree with petitioners that this constitutes the substantial equivalent of section 7602(c)(2)'s Justice Department referral. The reason why the Congress enacted the statute was to establish an unmistakable bright line which would end the protracted litigation over this issue following the Supreme Court's decision in *United States v. LaSalle National Bank, supra. See Godwin, supra*, at 1213. Accordingly, this is not adequate grounds for quashing the summonses.

■ Fourth, the petitioners have objected to the summonses because they are overbroad. The court finds that, through the Declaration of Special Agent Lamberth, the United States has made a satisfactory showing that the requested records are relevant to the investigation of the accuracy of the Gordons' tax returns.

■ Finally, the petitioners have asked to conduct limited discovery of the government in these cases in order to show the invalidity of the summonses. They have also asked this court to convene an evidentiary hearing to demonstrate the summons-

es were issued for improper purposes. The law is clear that the party opposing an IRS summons must come forward with specific facts, under oath, from his or her own resources, demonstrating that a triable issue exists on a legally sufficient defense, in order to justify an evidentiary hearing. *See Godwin, Id.,* at 1215. *See also United States v. McGuirt,* 588 F.2d 419, 421 (4th Cir.1978) *cert. denied,* 444 U.S. 827, 100 S.Ct. 52, 62 L.Ed.2d 35 (1979). The taxpayer is not entitled to even limited discovery in this type of matter unless the taxpayer can present substantial evidence from his or her own resources to rebut the government's *prima facie* showing. The court has carefully considered the affidavit of Earl B. Gordon and Marjorie M. Gordon, filed August 1, 1983, and cannot find that the Gordons have presented any evidence disputing the material facts in Special Agent Lamberth's Declaration upon which is based the government's *prima facie* case. Accordingly, this court will enforce the three third-party recordkeeping summons at issue.

The motion of the United States for costs and attorneys fees is denied.

An appropriate Order will this day issue.