**UNITED STATES of America and S. Lee Rabney, Revenue Officer of the Internal Revenue Service, Plaintiffs-Appellees,**

v.

**Theodore M. McANLIS, Defendant-Appellant.**

Nos. 82–5543, 82–5750.

United States Court of Appeals, Eleventh Circuit.

Dec. 12, 1983.

Theodore M. McAnlis, pro se.

Stanley Marcus, U.S. Atty., Marc Fagelson, Asst. U.S. Atty., Miami, Fla., Michael L. Paup, Appellate Sect., Glenn L. Archer, Jr., Charles E. Brookhart, Jo-Ann Horn, Tax Div., Dept. of Justice, Washington, D.C., for plaintiffs-appellees.

Before RONEY, HATCHETT and ANDERSON, Circuit Judges.

HATCHETT, Circuit Judge:

In this case we determine whether the district court was correct in enforcing an Internal Revenue Service summons and holding the taxpayer in civil contempt. We affirm.

The appellant, Theodore M. McAnlis, appeals two orders issued by the United States District Court for the Southern District of Florida. First, McAnlis appeals the order of April 12, 1982, enforcing an Internal Revenue Service (IRS) summons ordering McAnlis to produce documents reflecting his income for the years 1977, 1978, and 1979. Second, he appeals the district court's order of April 26, 1982, finding him in civil contempt for failing to produce the information. Finding the trial court's orders correct, we affirm.

On July 1, 1981, the Internal Revenue Service issued a summons to McAnlis directing him to produce records relevant to income tax liability for the years 1977, 1978, and 1979. On March 2, 1982, the trial court ordered McAnlis, who had consistently refused to produce the documents, to appear at the IRS offices on March 30, 1982, and produce the requested information. The trial court also directed McAnlis to appear in court on April 9, 1982, if he failed to present the information on March 30. McAnlis appeared at the IRS offices on March 30, but failed to bring the requested records. The trial court, therefore, on April 9, enforced the summons and ordered McAnlis to appear before the IRS on April 16, 1982, and produce the information or show cause why he should not be held in contempt. On April 22, the trial court held McAnlis in civil contempt because he had failed to produce the required information or explain his failure to do so on April 16.

I. The Trial Court's Enforcement of the Internal Revenue Service Summons

McAnlis raises six arguments concerning enforcement of the summons: (1) the court abused its discretion by failing to determine

that his letter to the IRS on July 9, 1981, challenging the validity of the summons was an appearance by him sufficient to shift the burden to the government to reject his challenge to the summons; (2) the IRS did not have a right to summon his records, as it had no basis on which to assume he is a person liable to pay taxes; (3) the IRS must prove the existence of tax liability prior to issuance of any summons; (4) the IRS did not comply with the disclosure provisions of the Privacy Act, 5 U.S.C.A. § 552a(e)(3); (5) the IRS violated the fourth amendment; and (6) the IRS did not exhaust its administrative remedies.

McAnlis's first contention lacks merit. In a petition for enforcement of a summons, the IRS need only make a preliminary showing, "that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed." *United States v. Powell,* 379 U.S. 48, 57–58, 85 S.Ct. 248, 254–55, 13 L.Ed.2d 112 (1964). *See also United States v. LaSalle National Bank,* 437 U.S. 298, 313, 98 S.Ct. 2357, 2366, 57 L.Ed.2d 221 (1978). Once the IRS fulfills this initial burden of showing a good-faith issuance of the summons, the burden then shifts to the taxpayer to prove the IRS failed to meet its burden or that the en-

forcement of the summons constitutes an abuse of the court's process. *Powell* at 58, 85 S.Ct. at 255; *United States v. Southeast First National Bank of Miami Springs,* 655 F.2d 661, 664 (5th Cir.1981).

In this case, the IRS has fulfilled its initial burden. McAnlis, however, has not met his burden. His letter of July 9, 1981, fails to establish bad faith on the part of IRS, or that enforcement of the summons constitutes an abuse of the court's process. The letter contains various assertions detailing the procedural deficiencies of the summons, but does not exhibit any evidence rebutting the IRS's claims.

McAnlis's second and third contentions also are frivolous. The IRS had a basis upon which to assume McAnlis was liable to pay taxes. McAnlis's failure to file income tax returns for three years provided the basis. The IRS was complying with its statutory duty in issuing the summons after McAnlis's failure to file his returns. 26 U.S.C.A. § 7602(a)(1), (2).[1] The IRS, moreover, is not required to establish tax liability prior to issuance of a summons. The agency has a statutory duty to inquire after persons who may be liable for the payment of taxes. 26 U.S.C.A. § 7601(a).[2] Since McAnlis failed to file any tax returns for three years, the Internal Revenue Service legitimately believed he might be liable for payment of taxes. Issuance of the sum-

---

**1.** Title 26, U.S.C.A. § 7602(a)(1), (2) provides in pertinent part:

    (a) Authority to summon, etc.—For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary or his delegate is authorized—

    (1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry;

    (2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or re-

quired to perform the act, or any other person the Secretary or his delegate may deem proper, to appear before the Secretary or his delegate at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry[.]

**2.** Title 26, U.S.C.A. § 7601(a) provides:

    (a) General rule.—The Secretary or his delegate shall, to the extent he deems it practicable, cause officers or employees of the Treasury Department to proceed, from time to time, through each internal revenue district and inquire after and concerning all persons therein who may be liable to pay any internal revenue tax, and all persons owning or having the care and management of any objects with respect to which any tax is imposed.

mons prior to the establishment of tax liability, therefore, was proper. The agency was fulfilling its statutory duty. *Donaldson v. United States,* 400 U.S. 517, 523–24, 91 S.Ct. 534, 538–39, 27 L.Ed.2d 580 (1971); *United States v. Harris,* 628 F.2d 875, 878 (5th Cir.1980).

■ McAnlis's remaining contentions lack substance. Compliance with 5 U.S.C.A. § 552a(e)(3), the Privacy Act, is not a prerequisite to enforcement of an IRS summons. *United States v. Wills,* 475 F.Supp. 492, 494 (M.D.Fla.1979). McAnlis, moreover, has suffered no prejudice in failing to receive a Privacy Act notice. Enforcement of the summons does not violate McAnlis's fourth amendment rights. As long as the IRS complies with the *Powell* requirements, it will not violate the summoned party's fourth amendment rights. *United States v. Roundtree,* 420 F.2d 845, 847–50 (5th Cir. 1969). In this case, the IRS fulfilled the *Powell* requirements. The IRS exhausted all administrative remedies. Enforcement of the summons, therefore, does not violate the exhaustion of remedies doctrine.

## II. The Court's Order Holding McAnlis in Civil Contempt

McAnlis contends the trial court erred in holding him in contempt. (1) McAnlis argues the court erred in initiating contempt proceedings on its own motion. (2) McAnlis contends his affidavit was sufficient to purge himself of contempt. (3) McAnlis claims the trial court denied him his right to counsel by rejecting his request for a continuance so he could obtain counsel for the contempt proceeding. (4) McAnlis argues that he did not have a fair opportunity to produce a defense; and (5) McAnlis claims the contempt charge was based on insufficient evidence. After a review of the record, we find McAnlis's arguments meritless.

■ McAnlis suffered no prejudice as a result of the trial court's initiation of contempt proceedings on its own motion. The trial court's action constituted harmless error. McAnlis's affidavit was insufficient to purge him of the contempt charge. In a contempt hearing, the alleged contemnor has the burden of proving inability to produce the requested information. *McPhaul v. United States,* 364 U.S. 372, 379, 81 S.Ct. 138, 142, 5 L.Ed.2d 136 (1960); *United States v. Hankins,* 565 F.2d 1344, 1351–52 (5th Cir.), *opinion clarified and reh'g denied,* 581 F.2d 431 (5th Cir.1978), *cert. denied,* 440 U.S. 909, 99 S.Ct. 1218, 59 L.Ed.2d 457 (1979). McAnlis's affidavit states that he has difficulty comprehending the difference between matters of fact and conclusions of law; but contains no evidence of his inability to produce the information. This affidavit fails to fulfill his burden of proving inability to produce the requested information.

■ The right to counsel exists if the litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Department of Social Services of Durham County, North Carolina,* 452 U.S. 18, 25, 101 S.Ct. 2153, 2158, 68 L.Ed.2d 640 (1981). We do not dispute McAnlis's right to counsel at the contempt proceeding because imprisonment is a possibility. A review of the facts, however, compels this court to hold McAnlis waived his right to counsel. On February 17, 1982, McAnlis explained to the trial court that he did not want to pay for an attorney. Subsequently, at the contempt hearing on April 22, McAnlis requested that the trial court grant a continuance so he could obtain counsel. The facts suggest that McAnlis requested the continuance to delay the proceedings.

■ The notice requirements of criminal contempt proceedings also apply to civil contempt proceedings. *Brown v. Braddick,* 595 F.2d 961, 966, n. 7 (5th Cir.1979). To have sufficient notice of a contempt hearing, an individual needs adequate notice and time for preparation. *In Re Brummit,* 608 F.2d 640, 642–43 (5th Cir.1979), *cert. denied,* 447 U.S. 907, 100 S.Ct. 2990, 64 L.Ed.2d 856 (1980); *In Re Grand Jury Proceedings,* 559 F.2d 234 (5th Cir.1977), *cert. denied,* 434 U.S. 1062, 98 S.Ct. 1234, 55 L.Ed.2d 762 (1978). After reviewing the facts, we find that McAnlis had adequate

notice and time for preparation of his defense. The trial court, therefore, gave him sufficient notice of the contempt proceedings.

The contempt charge was based on sufficient evidence. Once a trial court enforces an IRS summons, an individual who does not comply with the summons is properly held in contempt unless he produces evidence showing his lack of possession or control of the information sought by the summons. *See United States v. Hankins* at 1351–52. Since McAnlis did not comply with the summons enforced by the district court, he was properly held in contempt because he had not produced any evidence concerning his lack of possession or control of the information sought by the Internal Revenue Service.

### III. Conclusion

We affirm the trial court's orders. The trial court acted properly in enforcing the summons and holding McAnlis in contempt.

AFFIRMED.