**Wallace L. COOK, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. Nos. J83–0728(B), J83–0771(B).**

United States District Court,
S.D. Mississippi,
Jackson Division.

April 9, 1984.

---

William B. Howell, Jackson, Miss., for plaintiff.

Robert S. Murphree, Jackson, Miss., Jack D. Warren, Tax Div., Dept. of Justice, Washington, D.C., George Phillips, U.S. Atty., Jackson, Miss., for defendant.

## ORDER AND MEMORANDUM OPINION

BARBOUR, District Judge.

These actions were filed by Petitioner Wallace L. Cook to quash summonses issued by the Department of Treasury, Internal Revenue Service, to numerous banks under the authority of Section 7602 of Title 26 (26 U.S.C. § 7602). The Petitioner brings these actions to quash the summonses. 26 U.S.C. § 7609(b)(2).

The Petitioner alleges that he is the subject of a criminal investigation in that he has been determined by the Internal Revenue Service to be a "tax protestor".

The special agent conducting the investigation of Mr. Cook issued summonses and served them on the following banks which are the subject of Civil Action No. J83–0728(B): Bank of Jackson, N.A., Jackson, Mississippi; Consumer National Bank, Jackson, Mississippi; First Mississippi National Bank, Jackson, Mississippi. In Civil Action No. J83–0771(B) the Petitioner seeks to quash the summonses issued and served on The Valley Bank, Rosedale, Mississippi and The American Bank, Vicksburg, Mississippi. With the exception of the fact that The Valley Bank in Civil Action No. J83–0771(B) is not located in the Southern

District of Mississippi, the distinctions between the cases are unimportant for the determination of this case.

■ With respect to the Petition to Quash the summonses issued to the Valley Bank, Rosedale, Mississippi, this Court must dismiss this suit on the basis that this action must be brought in the Northern District of Mississippi, the district wherein this bank resides or may be found. 26 U.S.C. § 7609(h)(1). This Court notes that this Section is drafted in terms of jurisdiction; however, the legislative history refers to this section as one dealing with venue. 1982 *U.S. Code Cong. & Ad. News* 781, 1029. In either case, the Government by raising this point has essentially objected to improper venue with relation to the petition to quash this summons.

Accordingly, the Petition to Quash the Summons is dismissed as to the summons issued to the Valley Bank, Rosedale, Mississippi.

With respect to the remaining summonses issued to various other banks in the Southern District of Mississippi it is necessary that this Court reach the merits of the Motion to Dismiss made by the United States.

In 1982 the United States Congress amended Section 7602 of Title 26 (26 U.S.C. § 7602) in order that the limitations placed on the use of administrative summons by the Supreme Court in *United States v. LaSalle National Bank, et al*, 437 U.S. 298, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978) would be clarified. The amendment added sub-sections (b) and (c) to the existing language of the statute. The summonses before this Court were issued subsequent to the effective date of these amendments.

The statute as amended clearly sets forth those situations in which an administrative summons may not be issued. This Section was a reaction to the Supreme Court's holding in *LaSalle*. The legislative history states that:

Under *LaSalle*, the Secretary may not use an administrative summons once the Internal Revenue Service has *referred a case to the Department of Justice for prosecution or has made an institu-tional commitment to refer a case to the Department for criminal prosecution*. This rule has spawned protracted litigation without any meaningful results for the taxpayer. Yet, summons enforcement proceedings should be summary in nature and discovery should be limited. *See United States v. Kis*, 658 F.2d 526 (7th Cir.1981). Therefore, the restrictions under present law on the use of administrative summonses once the Internal Revenue Service has made an institutional decision to abandon pursuit of a civil tax determination or collection, or has made an institutional commitment to refer a case to the Justice Department, have encouraged wasteful litigation.

Many tax investigations by the Internal Revenue Service have both civil and criminal aspects. The committee believes that a clear definition of when the power to issue an administrative summons exists and when it does not exist in cases with a criminal aspect will simplify administration of the laws without prejudicing the rights of taxpayers. To permit the drawing of a clear distinction, it was necessary to expand the purposes for which an administrative summons may be issued by the Internal Revenue Service.

1982 *U.S. Code Cong. & Ad. News* 1031.

■ It was the clear intent and, indeed, the clear expression of Congress in its enactment of the amendments to 28 U.S.C. § 7602 to eliminate the vague defense that the Internal Revenue Service has made an "institutional decision" to refer the case to the Department of Justice for criminal prosecution but has not done so formally. Judge Cook in *McTaggart v. United States of America*, 570 F.Supp. 547 (E.D.Mich. 1983) held in a similar case that the criminal purpose defense "has been rendered irrelevant by the provisions of TERFA [Tax Equity and Physical Responsibility Act of 1982]." Judge Cook recognized that Congress was seeking a "bright line test" such that there would be no question about when an administrative summons was proper. The Act specifically sets forth that

a summons may be used if there is no referral in effect with respect to that taxpayer. A referral is effected by the recommendation of the Secretary of the Treasury that a grand jury investigation of criminal prosecution of the taxpayer take place. The uncontradicted affidavit of the special agent in charge of this investigation affirmatively states that no such referral is in effect in this case.

Because the Petitioner raises no other substantial reason for this Court to quash the summons issued to the various banks involved in this suit, this Court is of the opinion that the Motion of the Defendant, the United States should be granted and this case should be dismissed for failure to state a claim upon which relief might be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The Government has requested attorney's fees in connection with the defense of this action under *Aleyska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 258–59, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141 (1975). In *Alyeska Pipeline Service Co.* the Supreme Court stated that attorney's fees may be assessed when the losing party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons...." *Id., quoting F.D. Rich Co.,* 417 U.S. 116, 129, 94 S.Ct. 2157, 2165, 40 L.Ed.2d 703 (1974).

Although the Petitioner in this case has been engaged in a protracted battle with the Internal Revenue Service and has used the Courts before in an attempt to stymie the investigation of the Internal Revenue Service of his tax liability, the issue presented in these present cases is new to this circuit and the Petitioner has every right to litigate it. The use of the court system to test a theory is not in and of itself an abuse. Repetitive and frivolous use of the court system to delay a legitimate investigation may constitute such abuse as to warrant an assessment of attorney's fees. This Court does not find that the situation presently warrants that extreme remedy.

In accordance with the above opinion, the motions pending are decided as follows: (1)

The Motion to Consolidate is denied because no further hearing is necessary. This Court will file this joint order in both cases because of their relationship with each other. (2) The Motion to Dismiss as to the summons issued to The Valley Bank, Rosedale, Mississippi is granted. (3) the Motions to Dismiss as to the remaining summonses issued in Civil Action Nos. J83–0728(B) and J83–0771(B) are granted. (4) The Government's Motion for Attorney's Fees is denied. (5) Additionally, the summonses as issued should be enforced.