Edward O. UHRIG

v.

**UNITED STATES of America, et al.**

**Civ. No. K–83–1313.**

United States District Court,
D. Maryland.

June 30, 1984.

Edward O. Uhrig, pro se.

J. Frederick Motz, U.S. Atty., and Max H. Lauten, Asst. U.S. Atty., Baltimore, Md., and Gregory S. Hrebiniak, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendants.

FRANK A. KAUFMAN, Chief Judge.

Pending before this Court are the petitions of Edward O. Uhrig ("Taxpayer") filed pursuant to 26 U.S.C. § 7609(b), to quash two Internal Revenue Service ("IRS") summonses[1] and the cross motion of the United States for summary denial of Taxpayer's petitions to quash and for summary enforcement of the two summonses under 26 U.S.C. § 7609(h).

The relevant facts in this case are not in dispute. On April 10, 1983 and July 6, 1983, Woodland R. Morris, a special agent with the IRS, issued summonses to the First National Bank of Maryland and to Prudential Bache, respectively, to obtain information for an investigation into the tax liabilities of Taxpayer for the years 1979, 1980, and 1981. The summonses, which were issued to financial institutions of which Taxpayer is a customer, are known as "third-party recordkeeper" summonses under 26 U.S.C. § 7609(a)(3). Specifically, the summonses sought records of business transactions of a person other than the summoned party.

Taxpayer received notice of the third-party recordkeeper summonses in accordance with 26 U.S.C. § 7609(a). Thereafter, he filed the pending petitions to quash pursuant to section 7609(b) of the Tax Equity & Fiscal Responsibility Act of 1982, Pub.L. No. 97–248, 96 Stat. 324 ("TEFRA"). The United States, in addition to seeking summary denial of those petitions, seeks to compel compliance with the summonses. In that regard, it is to be noted that section 7609(b)(2)(A) of TEFRA "expressly authorizes the United States to seek enforcement of the summons[es] in the taxpayer's proceeding [to quash]." *Godwin v. United States*, 564 F.Supp. 1209, 1212 (D.Del.1983) (footnote omitted); *See also McTaggart v. United States*, 570 F.Supp. 547, 549 (E.D. Mich.1983). Jurisdiction over the petitions to quash and the motion for summary en-

forcement is conferred upon this Court by virtue of Section 7609(b) of TEFRA.

TEFRA established new procedures for the enforcement of IRS summonses. Section 7609 "reverse[d] the format of enforcement proceedings concerning third-party recordkeeper summonses." *Godwin v. United States, supra*, at 1211. *See also Universal Life Church, Hidden Valley Congregation v. United States*, 573 F.Supp. 181, 183 (W.D.Va.1983). Prior to TEFRA, when the IRS summoned a taxpayer's records from a third-party recordkeeper, the taxpayer could prevent compliance with the summons simply by notifying the recordkeeper in writing that the taxpayer did not wish the recordkeeper to comply with the summons. S.Rep. No. 494, 97th Cong., 2d Sess. 281, reprinted in 1982 U.S.Code Cong. & Ad.News 781, 1027. The United States then bore the burden of initiating an action to enforce the summons. "Section 7609 removes from the government the burden of enforcement and instead, requires the taxpayer to take affirmative action to quash the summons if he or she does not want the third-party recordkeeper to comply with it." *Universal Life Church, supra*, at 183. Specifically, the affected taxpayer is now required to file a petition to quash in the district court within 20 days of the IRS having given notice to the customer of the third-party recordkeeper summons. As noted above, the Government may then seek enforcement of the summons in the pending petition to quash proceeding. 26 U.S.C. § 7609(b)(2)(A).

While TEFRA changed the procedures for summons enforcement, TEFRA did not change the substantive law of summons enforcement. *Universal Life Church, supra*, at 183; *Godwin, supra*, at 1210. Chief Judge Latchum specifically observed in *Godwin:*

---

1. Taxpayer originally sought to quash ten IRS summonses in petitions filed on April 21, 1983; May 5, 1983; May 23, 1983; and July 21, 1983. Subsequently, on August 23, 1983, the United States filed a motion to dismiss all of Taxpayer's petitions to quash. After a hearing was held in

open court on February 17, 1984, this Court filed an Order on February 19, 1984 granting the motion of the United States to dismiss with respect to eight of the ten summonses. Thus, Taxpayer's petition is currently pending only with respect to two IRS summonses.

The Senate report expressly stated that this modification of the format of summons enforcement proceedings was not to affect the substantive law of summons enforcement, except as amended in Sections 332 and 333 of TEFRA. *See* S.Rep. 494, *supra*, at 283, *reprinted in* U.S.Code Cong. & Ad.News 781, 1029. It is therefore clear that, except for specific changes, the preamendment law concerning the nature of the summons, the government's burden, the summary nature of the proceedings, the concomitant general unavailability of discovery, and the strict standards for stay of the Court's final judgment pending appeal are to remain unchanged. *Id.* at 283, 285, *reprinted in* U.S.Code Cong. & Ad. News 781, 1029–32. For this reason, the new form of proceeding does not affect the substantive law to be applied. The proceeding remains summary in nature, and the summons remains akin to a grand jury subpoena. *See United States v. Cortese*, 614 F.2d 914, 920 (3d Cir. 1980). Consequently, the summons power should continue to be liberally construed in light of the purposes it serves. *See United States v. Euge*, 444 U.S. 707, 714–16 [100 S.Ct. 874, 879–80, 63 L.Ed.2d 141] (1980).

564 F.Supp. at 1212.

■ To establish a prima facie case for enforcement under both prior and current law, the Government must show that: (1) the investigation is being conducted for a legitimate purpose; (2) the information sought is relevant to that purpose; (3) the information is not already in the possession of the IRS; and (4) the administrative steps required by the Internal Revenue Code have been followed.[2] In that connection, "[t]he requisite showing is generally made by affidavit of the agent who issued the summons and who is seeking enforcement." *United States v. Garden State National Bank*, 607 F.2d 61, 68 (3d Cir. 1979), *citing United States v. McCarthy*, 514 F.2d 368, 372 (3d Cir.1975).[3] "Indeed, 'no more than [an affidavit] is necessary to make the *prima facie* case.'" *Godwin, supra*, at 1212, *citing United States v. Kis*, 658 F.2d 526, 536 (7th Cir.1981), *cert. denied sub nom. Salkin v. United States*, 455 U.S. 1018, 102 S.Ct. 1712, 72 L.Ed.2d 135 (1982).

■ In the case at bar, the Government has filed a sworn declaration of Special Agent Morris in support of its enforcement motion. That declaration establishes all of the requisite elements of a prima facie case for enforcement of a third-party record-keeper summons.[4] Accordingly, "[t]he burden therefore falls upon [the taxpayer] to disprove the existence of a valid purpose or to show that enforcement of the summonses would be an abuse of the Court's process or otherwise would be improper." *Godwin, supra*, at 1213.[5] Taxpayer has failed to carry that burden.

Taxpayer's petitions to quash and his "Demand that IRS Summonses be Quashed," filed April 18, 1984, assert a laundry list of conclusory assertions as to why the summonses should be quashed:

**2.** *See United States v. LaSalle National Bank*, 437 U.S. 298, 313–14, 98 S.Ct. 2357, 2365–66, 57 L.Ed.2d 221 (1978); *United States v. Powell*, 379 U.S. 48, 57–58, 85 S.Ct. 248, 254–55, 13 L.Ed.2d 112 (1964); *United States v. McAnlis*, 721 F.2d 334, 336 (11th Cir.1983); *Universal Life Church, supra*, at 183; *Godwin, supra*, at 1212.

**3.** *Accord United States v. Will*, 671 F.2d 963, 966 (6th Cir.1982); *Godwin, supra*, at 1212.

**4.** The Declaration shows:
  (a) that the summonses were issued in connection with an investigation of the taxpayer's tax liabilities for the years 1979, 1980 and 1981 and to determine whether the taxpayer

has committed any offense under the Internal Revenue Code (¶¶ 2 and 3)
  (b) that the information sought is relevant to that purpose (¶¶ 5 and 8)
  (c) that the information sought is not already in the possession of the IRS (¶ 7) and
  (d) that the administrative steps required for an IRS summons have been followed (¶ 6).

**5.** *See also United States v. LaSalle National Bank, supra*, 437 U.S. at 316, 98 S.Ct. at 2367; *United States v. Powell, supra*, 379 U.S. at 58, 85 S.Ct. at 255; *United States v. McAnlis, supra*, at 336; *Universal Life Church, supra*, at 183.

(1) That the summonses were issued without jurisdiction; [April 21, 1983 Pet., ¶¶ 9 and 10 and April 18, 1984 Demand, ¶ 1]

(2) That the summonses were issued without following the proper administrative procedures; [Pet., ¶¶ 12–15]

(3) That the summonses violate the Privacy Act of 1974, 5 U.S.C. § 552(e)(1), whereby an agency is required to collect information about individuals to the greatest extent practicable directly from the individual [Pet., ¶ 14] and the Freedom of Information Act; [April 18, 1984 Demand, ¶ 5]

(4) That the petitioner is immune; [Pet., ¶¶ 17 and 18]

(5) That the respondent is guilty of bad faith; [Pt., ¶¶ 19–22]

(6) That the respondent has "unclean hands"; [Pet., ¶¶ 23–27]

(7) That the summons violates petitioner's First Amendment Rights; [Pet., ¶ 28]

(8) That this is a criminal investigation of petitioner. [Pet., ¶ 29]

■ Taxpayer's contention (¶¶ 1 and 4) that the IRS lacks jurisdiction to issue a summons and that Taxpayer is immune (*e.g.,* not a person liable to pay taxes) is without merit. Section 7602(a)(2) of the Internal Revenue Code specifically provides that "[f]or the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax ..., the Secretary or his delegate is authorized ... [t]o summon the person liable for tax ..., or any other person the Secretary or his delegate may deem proper, to appear before the Secretary or his delegate at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material ...." Thus, the IRS has authority to issue summonses such as those issued in the case at bar. Moreover, the IRS is not required to establish tax liability prior to issuance of a sum-

mons. Rather, the IRS has a statutory duty to inquire about persons who may be liable for payment of taxes. 26 U.S.C. § 7601(a). *See also Donaldson v. United States,* 400 U.S. 517, 523–24, 91 S.Ct. 534, 538–39, 27 L.Ed.2d 580 (1971). A contention identical to that advanced by the taxpayer in the instant case was labeled "frivolous" in the recent case of *United States v. McAnlis,* 721 F.2d 334, 336 (11th Cir. 1983).

■ Taxpayer's second contention that the IRS did not follow the proper administrative procedures is unsubstantiated. Agent Morris, in his sworn declaration, has averred that "notice of issuance of each summons was given as required by 26 U.S.C. § 7609(a) by certified mail. All procedures required by the Internal Revenue Code of 1954, as amended, were followed with respect to the summonses." (¶ 6). Taxpayer has failed to "come forward with specific facts, under oath, from his or her own resources," *Universal Life Church, supra,* at 185; his mere conclusory allegation that the IRS did not follow proper procedures is inadequate to rebut the Government's prima facie showing in this regard and is inadequate to raise a triable issue of fact. *See Universal Life Church, supra; Godwin, supra,* at 1213.

■ Taxpayer's third allegation that the summonses infringe upon protected rights under the Privacy Act and the Freedom of Information Act is without legal support. The Eleventh Circuit has recently held in *McAnlis, supra,* at 337 that "[c]ompliance with 5 U.S.C.A. § 552(a)(e)(3), the Privacy Act, is not a prerequisite to enforcement of an IRS summons". Moreover, section 7852(e) of the Internal Revenue Code (IRC), provides that the remedies of the Privacy Act "shall not be applied, directly or indirectly, to the determination of the existence or possible existence of liability (or the amount thereof) of any person for any tax, penalty, interest, fine, forfeiture or other imposition or offense to

which the provisions of this title apply". Thus, as the Eleventh Circuit concluded in *McAnlis*, the Privacy Act is inapplicable in summons enforcement proceedings. Similarly, in *United States v. Wills*, 475 F.Supp. 492, 494 (M.D.Fla.1979), the Court held that no provision in the IRC requires the enforcement of an IRS summons to be conditioned on IRS compliance with the Freedom of Information Act. The Court in *Wills* concluded that, "[o]n the contrary, FOIA, 5 U.S.C. § 552, contains specific provisions for its enforcement none of which contemplate denial of enforcement of an Internal Revenue Service summons. As a practical matter, to condition the enforcement of [IRS] summonses on FOIA compliance would defeat the intent of Congress to provide a speedy method for enforcement of such summonses". *Id.* at 494.

■ Taxpayer's allegations regarding the IRS' "bad faith" and "unclean hands" are conclusory and unsupported by facts. As noted *supra*, the IRS has made out a prima facie case, by satisfying the four-step test enunciated by the Supreme Court in *Powell*. Thus, the Government has fulfilled its "initial burden of showing a good-faith issuance of the summons". *McAnlis, supra*, at 336. "[O]nce the Government has carried its *Powell* burden of proof of 'good faith,' the burden shifts to the taxpayer to show that ... 'good faith' ... does not exist". *United States v. Garden State National Bank, supra*, 607 F.2d at 68 (3d Cir.1979) (footnote omitted). Herein, Taxpayer has done no more than allege bad faith and unclean hands; he has not rebutted "with specific facts, under oath," *Godwin v. United States, supra*, at 1215, the Government's prima facie showing of good faith.

■ Taxpayer's allegation that the issuance of the summonses violated his First Amendment rights is without legal or factual support. Taxpayer has set forth no basis for his contention that enforcement of the summonses will, in any way, chill his First Amendment rights. "Blanket assertions of this sort ... are not sufficient to establish infringement of constitutional rights." *McTaggart v. United States, supra*, at 551, citing to *Laird v. Tatum*, 408 U.S. 1, 11–16, 92 S.Ct. 2318, 2324–27, 33 L.Ed.2d 154 (1971). *See Fisher v. United States*, 425 U.S. 391, 401 n. 7, 96 S.Ct. 1569, 1576 n. 7, 48 L.Ed.2d 39 (1976) indicating that summoning third-party records such as those at bar does not implicate First Amendment values. *See also United States v. Brown*, 600 F.2d 248, 256 (10th Cir.1979).

■ Taxpayer's final contention that the summonses were issued pursuant to a criminal investigation does not establish a basis for quashing the summons because the old "criminal purpose" defense has been abolished by § 333(a) of TEFRA. *Cook v. United States*, 582 F.Supp. 1501, 1503–04 (S.D.Miss.1984). *Universal Life Church, supra*, at 184; *Kistner v. United States*, 568 F.Supp. 809–10 (D.Ore.1983); *Godwin v. United States, supra*, at 1213–14. Prior to TEFRA, a taxpayer could challenge a summons on the grounds that it was issued solely for the purpose of gathering evidence for a criminal investigation. See *United States v. LaSalle National Bank*, 437 U.S. 298, 318–19, 98 S.Ct. 2357, 2368, 57 L.Ed.2d 221 (1978). A summons may now be issued under 26 U.S.C. § 7602(a)(1)–(3), for a "criminal purpose" by reason of amended section 7602(b) which provides:

> **(b) Purpose may include inquiry into offense.**—The purposes for which the Secretary may take any action described in paragraph (1), (2), or (3) of subsection (a) include the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws.

Such a summons is subject *only* to the limitation contained in Section 7602(c)(1) that there be no administrative summons when there is a Justice Department referral:

**(1) Limitation of authority.**—No summons may be issued under this title, and the Secretary may not begin any action under Section 7604 to enforce any summons, with respect to any person if a Justice Department referral is in effect with respect to such person.

"[The] statutory change over to a 'bright line' test was made in large part to avoid the protracted litigation spawned by the prior vague and indefinite test ... of whether the agency had institutionally committed itself to refer a case for criminal prosecution". *Godwin, supra*, at 1213, *citing* to 1982 U.S.Code Cong. & Ad.News 781, 1030–31. Under TEFRA's new "bright line" test, a summons issued for a criminal purpose is enforceable unless there is a "Justice Department referral".[6] In the instant case, Special Agent Morris' Declaration clearly establishes that there has been no Justice Department referral (see ¶ 4); thus, the summons is valid under the new "bright line" test of § 7609(b). No further inquiry need or should be undertaken. *See Universal Life Church, supra*, at 184. (Court should not inquire whether Government had made an institutional commitment to prosecution which was the "substantial equivalent" of a Justice Department referral as TEFRA was designed "to establish an unmistakable bright line which would end the protracted litigation over the issue ....)"

■ In sum, the allegations stated by Taxpayer do not rebut the Government's prima facie case or showing of good faith.

Further, Taxpayer is not entitled to an evidentiary hearing to meet his burden of so doing. "It is well settled that a party opposing an IRS summons must come forward with specific facts, under oath, from his own resources, demonstrating that a triable issue exists on a legally sufficient defense in order to justify an evidentiary hearing". *Godwin, supra*, at 1215. *Universal Life Church, supra*, at 185.[7] In this case at bar, one hearing has already been held in February, 1984, during which Taxpayer advanced just about the same allegations in support of his petitions to quash and in opposition to the Government's motion to dismiss which he espouses at this time. For the reasons set forth *supra* in this opinion, those allegations are insufficient to enable Taxpayer to prevail herein. Accordingly, Taxpayer's motion will be denied and the two third-party recordkeeping summonses issued to First National Bank and Prudential Bache will be enforced by Order of this Court to that effect which is being entered as of this date.

**6.** A "Justice Department referral" is defined in Section 7602(c)(2) as:
**(2) Justice department referral in effect.**—For purposes of this subsection—
**(A) In general.**—A Justice Department referral is in effect with respect to any person if—
**(i)** the Secretary has recommended to the Attorney General a grand jury investigation of, or the criminal prosecution of, such person for any offense connected with the administration or enforcement of the internal revenue laws, or
**(ii)** any request is made under section 6103(h)(3)(B) for the disclosure of any return

or return information (within the meaning of section 6103(b)) relating to such person.

**7.** To the same effect: *United States v. Harris*, 628 F.2d 875, 880–83 (5th Cir.1980); *United States v. Moon*, 616 F.2d 1043, 1047 (8th Cir. 1980) (per curiam); *United States v. Freedom Church*, 613 F.2d 316, 319 (1st Cir.1979); *Garden State*, 607 F.2d at 70; *United States v. McGuirt*, 588 F.2d 419, 420–22 (4th Cir.1978), *cert. denied*, 444 U.S. 827, 100 S.Ct. 52, 62 L.Ed.2d 35 (1979); *United States v. Morgan Guaranty Trust Co.*, 572 F.2d 36, 39–42 (2d Cir. 1978), *cert. denied*, 439 U.S. 822, 99 S.Ct. 89, 58 L.Ed.2d 671 (1978); *United States v. McCarthy*, 514 F.2d 368, 372–73 (3d Cir.1975).