UNITED STATES of America and William J. Haslinger of the Internal Revenue Service, Petitioners-Appellees,

v.

MARINE MIDLAND BANK OF NEW YORK and Robert Clark, Operations Officer, Custodian of Records pertaining to Kenneth E. Lipke, Respondents-Appellants.

UNITED STATES of America and William J. Haslinger of the Internal Revenue Service, Petitioners-Appellees,

v.

MARINE MIDLAND BANK OF NEW YORK and Robert Clark, Operations Officer, Custodian of Records pertaining to American Corporate Consultants, Inc., Respondents-Appellants.

Nos. 134, 358, Dockets 78–6103, 78–6104.

United States Court of Appeals, Second Circuit.

Argued Oct. 4, 1978.

Decided Oct. 18, 1978.

Charles H. Dougherty, Buffalo, N. Y. (Albrecht, Maguire, Heffern & Gregg, Buffalo, N. Y.), for respondents-appellants.

Kenneth A. Cohen, Asst. U. S. Atty., Buffalo, N. Y. (Richard J. Arcara, U. S. Atty., for W. D. New York), Buffalo, N. Y., for petitioners-appellees.

Before KAUFMAN, Chief Judge, and SMITH and MESKILL, Circuit Judges.

PER CURIAM:

Taxpayers-intervenors American Corporate Consultants, Inc. and Kenneth E. Lipke ("taxpayers") appeal from an order of the United States District Court for the Western District of New York, John T. Elfvin, *Judge*, requiring Marine Midland Bank and Robert Clark, its operations officer, to comply with IRS summonses relating to records of bank accounts of the taxpayers. We find the order premature and vacate and remand for further proceedings.

This court has jurisdiction pursuant to 28 U.S.C. § 1291.

Two issues are raised on this appeal: (1) Whether the IRS summonses requested information relevant or material to a determination of the taxpayers' tax liability as required by § 7602 of the Internal Revenue Code; (2) Whether the matter should be remanded to the district court to determine whether the summonses were issued in good faith pursuit of purposes authorized by § 7601.

In April and May of 1977, the IRS issued summonses to Marine Midland Bank for the production of records pertaining to certificates of deposit, bank accounts, etc., of taxpayers and related corporate entities. The IRS filed two petitions and affidavits to enforce the summonses. These papers recited that Marine Midland was in possession of documents concerning the investigation of the tax liability of the taxpayers and that the records demanded were necessary for the determination of the tax liability of taxpayer American Corporate Consultants.

The district court held that the summonses showed the records demanded to be relevant to a civil investigation and sufficiently delineated to satisfy § 7602. It further found that the taxpayers had not satisfied their burden of showing that either discovery or an evidentiary hearing was necessary to determine that the IRS had acted in good faith in issuing the summonses. The court subsequently issued a stay of its order requiring compliance pending appeal.

Taxpayers argue that the district court had no basis on which to make its determination that the records demanded are relevant or material to a determination of tax liability. They contend that neither the summonses, petitions, nor supporting affidavits contain "a single allegation or fact" to support that determination.

Taxpayers also argue that this court should remand the matter to the district court for discovery and an evidentiary hearing on the question whether the IRS acted in good faith in issuing the summonses. They rely on *United States v. LaSalle National Bank*, —— U.S. ——, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978), for the proposition that a taxpayer's opposition to an enforcement proceeding should not be determined solely on the basis of affidavits, but rather should be determined only after reasonable discovery and an evidentiary hearing.

■ We agree with the government that the summonses and supporting affidavits clearly demonstrated the relevance of the materials sought. Purchases of certificates of deposit, commercial paper, etc., show direct expenditures by the taxpayer and could be used in determining the purchaser's net worth, as well as to indicate items of income.

■ Once the IRS has shown the relevance of the records sought, the taxpayers must show why enforcement would be an abuse of the court's process. *United States v. Davey*, 543 F.2d 996 (2d Cir. 1976). The government contends that the only assertion of bad faith provided by the taxpayers was the allegation that the IRS had recommended to its Regional Counsel's Office that the taxpayers be criminally prosecuted and that *LaSalle National Bank* barred enforcement of summonses only when the IRS had recommended prosecution to the Justice Department, not when only an internal agency recommendation had been made. The government further argues that *LaSalle* requires that the good faith determination be made only by an examination of the "institutional posture of the IRS." That may be, but we think that a taxpayer is entitled to a little more help in establishing that posture than was provided here.

In *United States v. Morgan Guaranty Trust Co.*, 572 F.2d 36, 41 (2d Cir. 1978), we read *Donaldson v. United States*, 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971), as holding out the hope that an objective test had been laid down which would narrow the "good faith" inquiry, such test being whether the summons was issued "prior to a recommendation for criminal prosecution." But the hope was not entirely realized.

■ *LaSalle* leaves the door open to a taxpayer (although perhaps only slightly) even if there has been no recommendation to the Justice Department. The Court made clear in *LaSalle* that "the Service at all times must use the summons authority in good-faith pursuit of the congressionally authorized purposes of § 7602," —— U.S. at ——, 98 S.Ct. at 2368, and explained further that "[t]he dispositive question in each case, . . . is whether the Service is pursuing the authorized purposes in good faith." *Id.*, at n. 19. In order to answer this "dispositive question," the Court allowed a "good-faith inquiry" into the "institutional posture" of the IRS so that the taxpayer could attempt "to disprove the actual existence of a valid civil tax determination or collection purpose by the Service," *id.*, at ——, 98 S.Ct. at 2367, a difficult task indeed. The Court explained that the "good faith" test "requires that the Service not abandon in an institutional sense, . . . the pursuit of civil tax determination or collection." *Id.*, ——, 98 S.Ct. at 2368. It is this element that requires us to vacate the decision of the district court and remand for further consideration.

■ The difficulty with the government's position here is that the IRS, which is in the better position to provide the information as to its own institutional posture, has failed to do so. The Regional Counsel's letter to the taxpayers' counsel dangles before us the tantalizing information that the institutional wheels had started to grind out a criminal processing recommendation, but we are left in the dark as to how far the recommendation proceeded through the machinery. The revelation made is not enough to show either a recommendation to Justice or bad faith in the sense of abandonment of the pursuit of civil liability. It does sufficiently raise the issue, however, to call for more information before enforcement is ordered. Enforcement delays and litigation can best be avoided by prompt and full

disclosure by the IRS, by affidavit or otherwise, of the point to which criminal recommendations have gone and the extent to which civil collection efforts are continuing at the time of consideration of applications for enforcement orders. Disclosure by IRS affidavit should suffice in this case. No full-dress discovery and trial would seem necessary here, since the issue in this case is only whether the IRS "in an institutional sense had abandoned its pursuit of . . civil tax liability." *Id.*, at ——, 98 S.Ct. at 2368.

The order is vacated and the matter remanded for reconsideration on such prompt disclosure.