UNITED STATES of America and William C. VanShufflin, Special Agent, Internal Revenue Service, Petitioners,

v.

MORGAN GUARANTY TRUST CO. and Bank of New York, Respondents,

and

Leonard D. Summa, Intervenor.

No. M–18–304 (CBM).

United States District Court,
S. D. New York.

Feb. 25, 1981.

John S. Martin, Jr., U.S. Atty., S.D.N.Y. by Susan M. Campbell, Asst. U.S. Atty., New York City, for petitioners.

Leonard D. Summa, pro se.

## MEMORANDUM OPINION

MOTLEY, District Judge.

Respondents, Morgan Guaranty Trust Company and Bank of New York, were ordered, upon the application of petitioners, United States of America and William C. VanShufflin, to show cause why they should not be compelled to comply with three Internal Revenue Service (IRS) summonses duly issued and served on respon- dents, pursuant to 26 U.S.C. §§ 7402(b) and 7604(a). Neither of the respondents ap- peared or opposed the enforcement of the summonses. However, the taxpayer whose records were summoned, Mr. Leonard D. Summa (the taxpayer), exercised his right under 26 U.S.C. § 7609(b) to intervene in the action, and moved to quash the sum- monses, compel discovery and transfer the action to the Northern District of New York. A hearing on the petition to enforce the summonses and the taxpayer's motions was held on January 20, 1981. For the reasons stated below, the taxpayer's mo- tions are denied and the court holds that petitioners are entitled to enforcement of the IRS summonses pursuant to 26 U.S.C. § 7602.

This action arises out of an active IRS investigation of the taxpayer. The purpose of this investigation, according to the affi- davit sworn to by IRS Special Agent Van- Shufflin, is to determine whether the tax- payer had gross income sufficient to require him to file tax returns in 1978 and 1979, and if so, to determine his tax liabilities for those years. The taxpayer did not report his income in those years on the ground that it would violate his Fifth Amendment right against self-incrimination.

The challenged summonses, which were issued by Special Agent VanShufflin on September 4, 1980, directed respondents to appear before Special Agent Stocker on September 23, 1980, to testify and produce certain records pertaining to the taxpayer's accounts at the respondent banks for the tax years in question. The IRS sent notice of service of the summonses and copies of the summonses to the taxpayer as required by 26 U.S.C. § 7609(a). By letters dated September 11, 1980, the taxpayer requested respondents not to comply with the sum- monses, pursuant to 26 U.S.C. § 7609(b)(2). Respondents failed to appear on the return date of the summonses, and their failure to comply with the summonses continues to this date.

The taxpayer challenges the enforcement of the IRS summonses on the ground that they were issued for the purpose of gather-

ing evidence to be used against him in a criminal prosecution.

■ An IRS summons used solely for the purpose of unearthing evidence of criminal conduct is invalid and unenforceable because such use is outside the scope of § 7602. The Supreme Court concluded in *Donaldson v. United States*, 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971), however, that Congress clearly has authorized the use of the summons in investigating what may prove to be criminal conduct. It reasoned that the IRS should not be forced to decide between foregoing the use of a congressionally authorized summons or abandoning the option of recommending criminal prosecution to the Department of Justice. The Court set forth the standard that an IRS summons is enforceable under § 7602 as long as it was issued in good-faith pursuit of a congressionally authorized purpose and prior to any recommendation to the Department of Justice for criminal prosecution.

In *United States v. LaSalle National Bank*, 437 U.S. 298, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978), the Supreme Court examined the limits of the good-faith use of an IRS summons issued under § 7602. It held that

"... those opposing enforcement of a summons do bear the burden to disprove the actual existence of a valid civil tax determination or collection purpose by the Service. After all, the purpose of the good-faith inquiry is to determine whether the agency is honestly pursuing the goals of § 7602 by issuing the summons."

437 U.S. at 316, 98 S.Ct. at 2367. The Court noted that "this burden is a heavy one."

In the instant case, it is not disputed that the IRS has not recommended to the Justice Department that the taxpayer be criminally prosecuted. The taxpayer's claim is that the IRS is not in good-faith seeking a valid civil tax determination. The taxpayer states as the basis for his allegation the fact that the IRS has assigned at least three special agents from its Criminal Investigation Division to his case, he has been visited at his office by these special agents who read him his "Miranda rights," and certain

of his Freedom of Information Act requests pertaining to the IRS investigation were denied. In addition, the taxpayer has submitted numerous documents and newspaper clippings regarding the IRS's investigation of "illegal tax protestors."

■ While the evidence presented by the taxpayer may indicate that the IRS is investigating what may prove to be criminal conduct on the part of the taxpayer and other tax protestors, this is not enough to deny the enforceability of the IRS summonses under the holding of *United States v. LaSalle National Bank, supra*. Special Agent VanShufflin stated in his affidavit:

"The purposes of the investigation are, for the years under investigation to determine whether the taxpayer had sufficient gross income to require him to file tax returns and if he was so required to determine his correct taxable income and tax liabilities. If it is determined that the taxpayer was required to file returns, I will also determine whether the taxpayer has violated any of the criminal provisions of the Internal Revenue Code, whether to recommend that criminal prosecution of the taxpayer be recommended to the United States Department of Justice, and whether there is sufficient evidence of fraud to recommend assessment of the civil fraud penalty under 26 U.S.C. Section 6653(b) or the assessment of other tax liabilities."

Nothing presented by the taxpayer shows that VanShufflin's statement of the purpose of the investigation is not true and that the IRS is not investigating the taxpayer's correct civil tax liability.

■ The involvement of a special agent in the investigation in no way detracts from the conclusion that the investigation serves both criminal and civil purposes. *United States v. Morgan Guaranty Trust Company*, 572 F.2d 36, 42 (2d Cir.), *cert. denied, Keech v. U. S.*, 439 U.S. 822, 99 S.Ct. 89, 58 L.Ed.2d 114 (1978). Neither does the existence of the IRS's "Illegal Tax Protestors Program" mean that the investigation of this particular taxpayer is not at

least in part to ascertain any possible civil tax recovery. The Court of Appeals for this Circuit recently held that an in-depth IRS audit does not lose its character as a civil tax determination simply because it begins at the suggestion of a strike force composed of personnel from various federal agencies formed for the purpose of investigating organized crime and its ventures into legitimate business. *See United States v. Chemical Bank*, 593 F.2d 451, 456 (2d Cir. 1979). The fact of an ongoing related investigation of possible criminal conduct on the part of the taxpayer or others does not negate the civil purpose of this particular investigation of the taxpayer. The court therefore holds that the taxpayer has failed to meet his burden of disproving the actual existence of a valid civil tax purpose.

■ The taxpayer contends that he is entitled to discovery in order to obtain evidence to support his claim that the IRS summonses will be used solely to gather evidence for criminal prosecution. A taxpayer must make a substantial preliminary showing before even limited discovery need be ordered. *United States v. Morgan Guaranty Trust Company, supra*, 572 F.2d at 43 n. 9. The court finds that the taxpayer has failed to make such a showing.

■ In this case there is no evidence that a criminal indictment against the taxpayer is "imminent" and has been delayed without explanation, as was undisputed in *United States v. Chase Manhattan Bank*, 598 F.2d 321 (2d Cir. 1979). Neither is there evidence that the agents conducting the investigation have recommended criminal prosecution to anyone in the IRS or other evidence indicating that the "institutional wheels had started to grind out a criminal processing recommendation." *See United States v. Marine Midland Bank of New York*, 585 F.2d 36, 38 (2d Cir. 1978). The affidavit sworn to by Special Agent Van-Shufflin states that he has not yet determined whether the taxpayer has violated any criminal provisions of the Internal Revenue Code or whether to recommend that criminal prosecution be recommended to the Justice Department. Thus, nothing sub-

mitted by the taxpayer sufficiently raises the issue of bad faith to call for more information before enforcement is ordered. The taxpayer's motion to compel discovery is therefore denied.

 Finally, the taxpayer's motion to transfer this action to the Northern District of New York is denied since the court holds that the taxpayer is not entitled to further hearings on the issue of the enforceability of the summonses.

Accordingly, the petitioner's application to enforce the summonses in question is granted. The taxpayer's request for a stay of the court's order requiring respondents to comply with the summonses pending appeal is granted.

SO ORDERED.