**Edward O. UHRIG**

v.

**UNITED STATES of America, et al.**

**Civ. No. K–83–1313.**

United States District Court,
D. Maryland.

Jan. 30, 1985.

---

Edward O. Uhrig, plaintiff, pro se.

J. Frederick Motz, U.S. Atty., and Max H. Lauten, Asst. U.S. Atty., Baltimore, Md., and Gregory S. Hrebiniak, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendants.

FRANK A. KAUFMAN, Chief Judge.

This case involves a third motion to quash two third-party recordkeeper Internal Revenue Service summonses. Plaintiff's prior two motions to quash these same two summonses were denied in this Court's earlier two opinions, first in *Uhrig v. United States*, 592 F.Supp. 349 (D.Md. 1984), and (D.Md. Oct. 31, 1984).

In this Court's said first opinion, filed June 30, 1984, plaintiff's motion to quash was denied, *inter alia*, because there had been no "Justice Department referral" of his case which, pursuant to Section 7602(c)(1), would have precluded enforcement of the summonses.

In his second motion to quash dated July 28, 1984 and filed on July 30, 1984, plaintiff claimed that after this Court filed its afore-

mentioned June 30, 1984 opinion, there had been a referral to the Justice Department on July 6, 1984. However, this Court determined, in its October 31, 1984 opinion, there had been no such referral to the Justice Department on July 6, 1984, and that, therefore, plaintiff's motion should again be denied.[1]

In his third motion to quash the same two summonses, plaintiff points out—and the Government so concedes—that since July 6, 1984, plaintiff's case has been referred to the Justice Department. Yet, for the reasons set forth *infra*, plaintiff's motion to quash the third-party recordkeeper summonses must again be denied.

As this Court discussed at length in its earlier opinion, the old "criminal purpose" defense to enforcement of summonses was abolished by Section 333(a) of TEFRA, *Godwin v. United States*, 564 F.Supp. 1209 (D.Del.1983), and was replaced by the new "bright line" test set forth in 26 U.S.C. Section 7602(c)(1). That statute provides:

(1) Limitation of authority.—No summons may be issued under this title, and the Secretary may not begin any action under section 7604 to enforce any summons, with respect to any person *if a Justice Department referral is in effect* with respect to such person.

(Emphasis added.)

The said statutory language makes it clear that a Justice Department referral which occurs *after both* issuance of the summons *and* commencement of an enforcement action does not invalidate the summons or bar the enforcement action.[2]

The Internal Revenue Service issued the summonses in question on April 10, 1983 and July 6, 1983. Plaintiff instituted the within case, seeking to quash the summonses, on April 21, 1983. The Government, in this case, filed its quest for

---

1. Plaintiff's second motion could also have been denied for the same reasons plaintiff's third motion is hereby being denied, *i.e.*, because if there had been a referral to the Justice Department on July 6, 1984, such referral would have occurred *after* issuance of the summonses *and*

commencement by the Government of an enforcement action.

2. *Cf. United States v. Commonwealth Federal Savings and Loan*, 529 F.Supp. 1246 (E.D.Pa. 1982); *United States v. Morgan Guaranty Trust Co.*, 524 F.Supp. 24 (S.D.N.Y.1981).

enforcement of the summonses on February 27, 1984. Plaintiff's case was not referred to the Justice Department until September of 1984, months after *both* the issuance of the summonses *and* the commencement of enforcement action by the Government.

Accordingly, plaintiff's motion to quash the two third-party recordkeeper summonses is hereby again denied.