**Edward O. UHRIG, Plaintiff,**

v.

**Donald T. REGAN, Secretary of the Treasury, USA and Roscoe Egger, Commissioner Internal Revenue Service and Teddy R. Kern, District Director Internal Revenue Service and Woodland R. Morris, Special Agent Internal Revenue Service and William McIlmail, Examiner Internal Revenue Service, Defendants.**

**Civ. No. JH–83–366.**

United States District Court,
D. Maryland.

Dec. 6, 1985.

Edward O. Uhrig, pro se.

Catherine C. Blake, U.S. Atty., Baltimore, Md., Gregory S. Hrebiniak, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendants.

## MEMORANDUM

JOSEPH C. HOWARD, District Judge.

Pending before the Court is defendants' joint motion to dismiss, under Fed.R.Civ.P.

12, the latest effort by taxpayer Edward O. Uhrig ("Uhrig") to delay tax assessment. Uhrig, proceeding *pro se*, has claimed jurisdiction under 28 U.S.C. §§ 1331,[1] 1340, and 1343, and demanded a written statement of Internal Revenue Service jurisdiction under 26 U.S.C. § 6001. Uhrig has responded to the Court's perhaps gratuitous notice of defendants' motion to dismiss under *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). The Court has thoroughly reviewed the record and finds that no hearing is necessary to resolve the motion. Local Rule 6(E).

## I.

The facts of this case are uncontested. Uhrig paid no taxes in 1979, 1980, or 1981. In 1982, the Internal Revenue Service ("IRS") initiated an investigation and audit to determine if Uhrig had any tax liability. Pursuant to its investigation, the IRS issued summonses of certain of Uhrig's records. Uhrig petitioned this Court to quash those summonses, and his petition was denied. *Uhrig v. United States*, 592 F.Supp. 349 (D.C.Md.1984) (Kaufman, C.J.). Undaunted, Uhrig then tried again to quash the IRS summonses, and also to enjoin future summonses, on the grounds that the IRS gathering of evidence constituted a criminal investigation and therefore was a Justice Department Referral. This Court found that no Justice Department Referral existed and again denied Uhrig relief. *Uhrig v. United States*, 601 F.Supp. 881 (D.C.Md.1985) (Kaufman, C.J.).

In the instant case, Uhrig has sued the Secretary of the Treasury and a range of IRS personnel seeking an order to restrain the IRS from issuing further summonses of his books and records, initiating audits, making assessments, fines, or penalties, or conducting investigations, without first determining jurisdiction pursuant to 26 U.S.C.

§ 6001 and informing him in writing of that jurisdictional authority.[2]

> Every *person liable* for any tax imposed by this title, or for the collection thereof, shall keep such records, render such statements, make such returns, and comply with such rules and regulations as the Secretary [of the Treasury] may from time to time prescribe. Whenever in the judgment of the *Secretary* it is necessary, he *may require any person,* by notice served upon such person or by regulations, to make such returns, render such statements, or keep such records, as the Secretary deems sufficient *to show whether or not such person is liable for tax under this title.*

26 U.S.C. § 6001 (emphasis added). Uhrig alleges that he is not a "person liable" for tax within the meaning of § 6001 and that the IRS may not investigate him in the absence of a written jurisdictional determination that he is such a person liable for tax.

Uhrig has had tax withheld from past salary but has now renounced any past liability. Plaintiff's Motion to Deny Defendants' Motion to Dismiss, at 3. He has described his current principal occupation to be in real estate transactions. *Id.* at 2. He has determined that he has no tax liability and is "immune" from liability. *Id.* He apparently contends that the assessment and collection of taxes conflicts with his rights as a United States citizen. *Id.* at 2–3. Uhrig also alleges that the IRS inquiries into his tax liability have been designed to harass and frighten him, but this allegation is unsupported by facts.

After careful consideration, this Court finds that it lacks jurisdiction and therefore grants defendants' motion to dismiss. Fed. R.Civ.P. 12(b)(1). *Bob Jones University v. Simon*, 416 U.S. 725, 94 S.Ct. 2038, 40

---

**1.** Uhrig actually alleged jurisdiction under 28 U.S.C. § 1331(a). The Court deems this a § 1331 allegation because no § 1331(a) exists.

**2.** Uhrig further requests restitution of an unspecified amount of money withheld—or, as he says, stolen, Count III of Complaint at 3—from

his salary at an unspecified past time; $10,000 in compensatory damages; and $10,000 in punitive damages. He additionally alleges that the IRS has invaded his privacy rights, conspired to deny his rights, and violated his due process rights; he demands a jury trial.

L.Ed.2d 496 (1974); *see also Steele v. Regan,* 755 F.2d 1091 (4th Cir.1985).

## II.

At issue is whether this Court has jurisdiction to grant an injunction against tax assessment and collection in a pre-enforcement action by a taxpayer. The Court concludes that such jurisdiction is lacking. The controlling cases are *Bob Jones, supra,* and *Enochs v. Williams Packing & Navigation Co.,* 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962).

The statute at issue is the Anti-Injunction Act, 26 U.S.C. § 7421, which reads in pertinent part:

Except as provided in sections 6212(a) and (c), 6213(a), and 7426(a) and (b)(1), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person. . . .

The purpose of the statute is to protect the government's right to assess and collect taxes with a minimum of judicial interference. *Bob Jones, supra,* 416 U.S. at 736, 94 S.Ct. at 2045; *Williams Packing, supra,* 370 U.S. at 7, 82 S.Ct. at 1129.

Uhrig's action does not fall within the enumerated statutory exceptions, despite his unsupported allegation to the contrary.[3] Exceptions under §§ 6212 and 6213 apply to a tax deficiency. Uhrig has neither filed returns nor yet been assessed, so that he cannot yet have a deficiency. *Koch v. Alexander,* 561 F.2d 1115 (4th Cir.1977) (per curiam) (a deficiency is the difference between the amount reported on the taxpayer's return and the amount assessed by the IRS). The third exception, under § 7426, applies only to third-party actions. Uhrig is a taxpayer and not a third party.

The judicial exception to the prohibition against injunctions occurs where under no circumstances could the government ultimately prevail on the merits and where the Court has equity jurisdiction because the taxpayer will be irreparably harmed and lacks an adequate remedy at law. *Bob Jones, supra; Williams Packing, supra,* 370 U.S. at 6–7, 82 S.Ct. at 1128–1129. Uhrig fails to fall within this exception for three reasons.

First, Uhrig has demonstrated no irreparable harm. In fact, he has shown no harm other than perhaps the inconvenience of an IRS investigation and the payment of assessments, interest and penalties should tax liability be found. These minor injuries, if they are injuries at all, are insufficient to trigger equity jurisdiction. *See Williams Packing, supra,* 370 U.S. at 6–7, 82 S.Ct. at 1128–1129.

Second, Uhrig has an adequate remedy at law. The usual remedies for challenging tax liability are either to appeal the tax assessment to the Tax Court or to pay the liability and sue for a refund. *See Bob Jones, supra,* 416 U.S. at 746, 94 S.Ct. at 2050.

Third, Uhrig has failed to show that under no circumstances would the government ultimately prevail. Viewing liberally the law and the facts available to the government at the time of this suit, *Williams Packing, supra,* 370 U.S. at 7, 82 S.Ct. at 1129, this Court finds that the government could prevail. Uhrig admits having paid no taxes for three years. He denies liability for the years in which he did pay taxes. Uhrig has had a salary, on which he apparently had liability, although the record is silent as to whether Uhrig was still salaried during the years for which he paid no tax. Uhrig, as a self-described real estate investor, might have property transactions resulting in taxable gain. The facts on the record allow no interpretation other than that Uhrig might have tax liability.

Of course, Uhrig might not have tax liability, but the determination of his liability is currently up to the IRS. Although our tax system is one of self-assessment generally, a taxpayer's own assessment is not necessarily final on the issue of liability. Under § 6001, a person has an obligation "to show whether or not [he] is

---

**3.** Plaintiff's Motion to Deny Defendants' Motion to Dismiss, at 1.

liable for tax" if the Secretary finds such a showing to be necessary. The facts that Uhrig paid no taxes, that his occupation is one where tax liability often occurs, and that he thoroughly denies liability, are sufficient to prompt the Secretary to request such a showing and to trigger the IRS power to investigate, assess, and collect taxes under 26 U.S.C. § 6201.

■ Uhrig's contention that he is not a "person liable" for tax until the IRS determines that he is a "person liable" for tax is circular nonsense. If a taxpayer has filed no return, it is virtually impossible for the IRS to determine if the taxpayer has a liability until it investigates to determine if the taxpayer does have a liability. This Court has already informed Uhrig, in the context of IRS summonses, that his contention that he is not a person liable for tax is frivolous. *Uhrig v. United States*, 592 F.Supp. 349, 353 (1984), quoting *United States v. McAnlis*, 721 F.2d 334, 336 (11th Cir.1983). The Court reaffirms its position.

■ Similarly, the Court reaffirms its position that Uhrig's claim of immunity from tax is utterly without merit. *See Uhrig v. United States*, 592 F.Supp. 349, 353 (1984). Uhrig misunderstands our tax system and his rights and obligations thereunder. The Constitution of the United States grants Congress the power to tax. Art. I, § 8, cl. 1 (Congress "shall have power to lay and collect taxes"); sixteenth amendment (Congress "shall have power to lay and collect taxes on incomes, from whatever source derived ..."). Congress has delegated this power to the IRS. 26 U.S.C. § 6201 *et seq.* The IRS has not merely the power but the duty to investigate, assess, and collect taxes. 26 U.S.C. §§ 6201, 7601(a); *Uhrig v. United States*, 592 F.Supp. 349, 353 (1984). There may be any one of a number of reasons why a person is not liable for tax, such as certain exemptions or deductions, but a person is not simply immune from tax liability and a bald assertion to that effect does not make

it so. Uhrig's contentions that his rights as a citizen immunize him from tax liability are insupportable. As a citizen, Uhrig has not just rights but obligations, and he cannot evade the obligation to pay taxes owed by claiming immunity.

For the foregoing reasons, Uhrig cannot show that under no circumstances would the government ultimately prevail on the merits. Because of this lack of showing, and because this Court lacks equity jurisdiction since Uhrig has an adequate remedy at law and has not shown irreparable harm, the Anti-Injunction Act applies and this Court lacks jurisdiction to grant the relief requested.[4]

### III.

■ A second, independent basis for lack of jurisdiction in this action is the sovereign immunity doctrine. It is axiomatic that the United States may not be sued without its consent. *Malone v. Bowdoin*, 369 U.S. 643, 82 S.Ct. 980, 8 L.Ed.2d 168 (1962); *see generally* 77 Am.Jur.2d § 114. Uhrig has alleged jurisdiction under 28 U.S.C. §§ 1331, 1340, and 1342. Section 1331 grants original jurisdiction in all civil actions arising under the Constitution, laws, or treaties of the United States; § 1340 grants original jurisdiction in any civil action arising under any Act of Congress providing for internal revenue; and § 1342 grants jurisdiction in certain civil rights actions. These broad grants of jurisdiction are insufficient to confer jurisdiction on this Court because they do not contain consent by the United States to be sued. *See Aqua Bar & Lounge, Inc. v. United States*, 539 F.2d 935 (3d Cir.1976).

■ The doctrine of sovereign immunity protects not just the United States but government officials acting within the scope of their official duties. *Malone v. Bowdoin*, 369 U.S. 643, 82 S.Ct. 980, 8 L.Ed.2d 168 (1962). No facts exist on the record to support a claim that defendants

---

4. If this Court had jurisdiction, jurisdiction would be in equity, and, given the successive attempts to delay assessment, the Court might consider an *in personam* decree compelling Uhrig's compliance, on threat of contempt, with the IRS investigation and audit.

acted beyond the scope of official duty. Uhrig's allegation that the IRS designed its investigation to harass and frighten him implies unofficial conduct. Perhaps Uhrig felt harassed and frightened, but no evidence supports his conclusory allegation. To the contrary, the evidence supports the conclusion that defendants have acted within the scope of their official duties. They, consequently, are insulated from suit by the sovereign immunity doctrine.

## IV.

Accordingly, a separate order will be entered granting the defendants' motion to dismiss for lack of jurisdiction.