**Arthur W. ROSS, Sr., Plaintiff,**

v.

**UNITED STATES INTERNAL REVENUE SPECIAL AGENTS Robert W. Bernat, Robert W. Lott, G. Glen Lloyd, Robert J. Gofus, Defendants.**

**No. EV 91–54–C.**

United States District Court,
S.D. Indiana,
Evansville Division.

Oct. 29, 1991.

Arthur W. Ross, Sr., pro se.

Steven E. Cole, U.S. Dept. of Justice, Washington, D.C., and Gerald A. Coraz, Asst. U.S. Atty., Office of U.S. Atty., Indianapolis, Ind., for defendants.

---

## ENTRY DENYING MOTION TO REMAND, DENYING MOTION FOR HEARING AND DIRECTING RESPONSE TO MOTION TO DISMISS

BROOKS, Chief Judge.

This cause is before the Court on the plaintiff's complaint, on the defendants' motion to dismiss, on the plaintiff's motion to remand and "motion for hearing to determine whether subject matter jurisdiction is existent" and on the defendants' opposition to the motion to remand.

Whereupon the Court, having read and examined such complaint, motions and opposition, and being duly advised, now makes its ruling.

### Background

This action was commenced against the defendant Internal Revenue officers in the DuBois County Circuit Court on March 15, 1991. In his complaint the plaintiff, Mr. Ross, sought relief "in the nature of mandamus" to confine the defendant officers to actions within their authority as agents of the United States. He seeks a declaratory judgment determining "what class individual the plaintiff is in regards to Federal Income Tax." It appears that the plaintiff seeks specifically to secure a judicial determination that, as a non-resident alien, his income is not subject to Federal Income Tax unless "from sources within the United States" or from sources outside the United States which are effectively connected with the conduct of a trade or business in the United States. The linchpin of his claim is that "the United States" consists solely of the District of Columbia and federal enclaves such as Indian reservations, military forts and the like.

The defendants appeared through the United States Attorney for this District and through a counsel for the Tax Division of the Department of Justice in Washington, D.C. In doing so they filed their "notice of removal," which the plaintiff has resisted in his motion to remand. The defendants filed a motion to dismiss, which the plaintiff has not, as yet, opposed.

### Discussion

Removal or Remand?

The first inquiry, of course, is whether the plaintiff's action was properly removed. The removal was based on the federal officer removal statute, 28 U.S.C. § 1442(a)(1), which provides in pertinent part:

A civil action or criminal prosecution commenced in State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office or on account of any right under

any Act of Congress for the apprehension or punishment of criminals or the collection of revenue.

The purpose of this statute is "to ensure a federal forum in any case where a federal officer is entitled to raise a defense arising out of his official duties." *Arizona v. Manypenny*, 451 U.S. 232, 241, 101 S.Ct. 1657, 1664, 68 L.Ed.2d 58 (1981), *reh'g denied*, 452 U.S. 955, 101 S.Ct. 3100, 69 L.Ed.2d 965 (1981). In *Mesa v. California*, 489 U.S. 121, 136, 109 S.Ct. 959, 968, 103 L.Ed.2d 99 (1989), the Supreme Court determined that Section 1442(a) was enacted to overcome the "well-pleaded complaint" rule, so that federal officers who have been sued in state court could remove cases to federal court by asserting a defense that raises a federal question. The Court reasoned that the statute, a removal provision, granted district court jurisdiction over cases in which a federal officer is a defendant. *Id.* at 136, 109 S.Ct. at 968. Noting that such statutes could not independently support Article III "arising under" jurisdiction, the Court recognized that "the raising of a federal question in the officer's removal petition ... constitute[s] the federal law under which the action against the federal officer arises for Art. III purposes." *Id.* Accordingly, under section 1442(a), a defendant may remove a case, notwithstanding the "well-pleaded complaint" rule, by raising a federal question as an element of its defense.

In this case the notice of removal asserts that the action is removable

because the plaintiff seeks to enjoin an ongoing investigation of him which is being conducted by the Internal Revenue Service through and by some or all of the defendants, ... each of whom is an employee of the Internal Revenue Service, Criminal Investigation Division, and has acted in his official capacity as a special agent of the Internal Revenue Service on behalf of the United States of America.

Congress has the power to tax under the Constitution and has delegated the power to investigate, assess and collect taxes to the Internal Revenue Service. *Uhrig v. Regan*, 623 F.Supp. 968, 972 (D.Md.1985). The IRS has not merely the power but the duty to carry out this delegated authority. *Id.*, citing 26 U.S.C. §§ 6201, 7601(a). The complaint alleges precisely the type of activity which the defendant officers perform under color of their office. Therefore, the action would clearly seem to have been properly removed under 28 U.S.C. § 1442(a).

■ Nonetheless, the plaintiff resists removal. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Mr. Ross argues that the DuBois County Circuit Court, a court of general jurisdiction in the State of Indiana, is not a "State court" as that term is used in 28 U.S.C. §§ 1441, 1442 and 1451. The last of these sections explains that

For the purposes of this chapter—

(1) The term "State court" includes the Superior Court of the District of Columbia.

(2) The term "State" includes the District of Columbia

The plaintiff then, correctly it would seem, concedes that the term "includes" does not mean "consists only of" the specified entities. ("The term 'includes' that is used in (1) and (2) of the above 1451 statute alerts the reader that other things otherwise within the meaning of the term defined, are not to be excluded.") He proceeds, however, to resort only to 4 U.S.C. Chapter 4 to argue that the term "state" encompasses *only* the following additional entities: (1) any Territory or possession of the United States and (2) the District of Columbia. By the process of elimination, therefore, the plaintiff concludes that "Congress has *never* used the phrase 'includes or including' when the definition is to place one of the 50 States within the definition [of 'State']." Once this plateau is reached, it can be easily seen that a District Court has no jurisdiction over the attempted removal of an action (at least under § 1442(a)) from a forum other than a "state court."

Reaching this plateau, however, is an insurmountable task. In *United States v. Sloan*, 939 F.2d 499 (7th Cir.1991), the

Court of Appeals characterized as "simply wrong" a taxpayer's argument that the United States (for purposes of federal tax laws) consisted solely of federal enclaves such as postal offices and Indian reservations. This ruling is in accord with other authorities, *e.g., United States v. Collins,* 920 F.2d 619, 629 (10th Cir.1990), *cert. denied,* — U.S. ——, 111 S.Ct. 2022, 114 L.Ed.2d 108 (1991) (citing *Brushaber v. Union Pacific R.R.,* 240 U.S. 1, 12–19, 36 S.Ct. 236, 239–42, 60 L.Ed. 493 (1916)); *United States v. Ward,* 833 F.2d 1538, 1539 (11th Cir.1987), *cert. denied,* 485 U.S. 1022, 108 S.Ct. 1576, 99 L.Ed.2d 891 (1988), and clearly dooms the plaintiff's effort to have the courts of Indiana excluded from courts from which actions can be removed pursuant to 28 U.S.C. § 1441 *et seq.* With Indiana's place in the Union being once more secure, therefore, the Court concludes that the removal of this action from state to federal court was proper. The plaintiff's motion to remand will therefore be denied, as will his motion for hearing to determine whether subject matter jurisdiction is existent, which is merely a mechanism to bring into focus the pending motion to remand.

The Motion to Dismiss

Having disposed of the question of the propriety of the removal, the plaintiff should now be directed to respond to the defendants' motion to dismiss. The plaintiff shall have until November 14, 1991 in which to do this and the defendants shall have until November 26, 1991 in which to file any reply. The Court will then rule on the defendants' motion and direct whatever further proceedings in this action, if any, are appropriate.

IT IS THEREFORE ORDERED that the plaintiff's motion to remand and motion to set hearing are each DENIED, that the plaintiff file any response to the defendants' motion to dismiss on or before November 14, 1991 and that the defendants file any reply to such response on or before November 26, 1991.