# UNITED STATES COURT OF APPEALS
# FIFTH CIRCUIT

_____

No. 00-20316

(Summary Calendar)

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOHN PARKS TROWBRIDGE,

Defendant - Appellant.

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOHN PARKS TROWBRIDGE, Trustee for Life Choices PTO

Defendant - Appellant.

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOHN PARKS TROWBRIDGE, Trustee for Life Center Houston

Defendant - Appellant.

Appeal from the United States District Court
For the Southern District of Texas
USDC Nos. H-99-MC-387, H-99-MC-388, H-99-MC-389

March 9, 2001

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

John Parks Trowbridge ("Trowbridge") on behalf of himself and two trusts, Life Choices PTO and Life Center Houston, is appealing the district court's order enforcing three Internal Revenue Service ("I.R.S.") summonses. We affirm.

Trowbridge presents two arguments on appeal: (1) whether the district court erred by enforcing the summonses because the I.R.S. failed to cite to a taxing statute that established a tax liability prior to issuing the summonses; and (2) whether the district court failed to comply with FED. R. CIV. P. 52(a) by not issuing adequate findings of fact and legal conclusions.

Before addressing Trowbridge's arguments, there are two preliminary issues that require our attention. In the government's brief, the government suggests that there is a potential impediment

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to our asserting jurisdiction over Trowbridge's appeal, specifically that it is not clear whether Trowbridge was appealing pursuant to FED. R. CIV. P. 52(a), or requesting the district court to amend its findings or make additional findings pursuant to FED. R. CIV. P. 52(b). If Trowbridge appealed pursuant to FED. R. CIV. P. 52(a), specifically if he was claiming that the district court failed to "find the facts specially and state separately its conclusions of law," then we have jurisdiction to review his claim because he filed his notice of appeal within 60 days of the district court's order. *See* FED. R. APP. P. 4(a)(1)(B). If, however, Trowbridge was requesting amended or additional findings pursuant to FED. R. CIV. P. 52(b), then we do not have jurisdiction because Trowbridge filed a "Request by Respondent for Findings of Fact and Conclusions of Law" with the district court within 10 days of the entry of judgment, and, before the district court ruled on the motion, Trowbridge appealed. *See* FED. R. APP. P. 4(a)(4)(A)(ii).

After reviewing Trowbridge's request for findings of fact and conclusions of law and his notice of appeal, we hold that Trowbridge was appealing his request pursuant to FED. R. CIV. P. 52(a).[1] In Trowbridge's "request" he emphasized that the district court failed to specially state its findings of fact and conclusions of law.[2] Moreover, the cases he cited to in his "request" address the district court's duty to state its findings of facts and conclusions of law pursuant to FED. R. CIV. P. 52(a). Accordingly, we find that Trowbridge appealed his "request" pursuant to FED. R. CIV. P.

---

[1]     In addition, Trowbridge has not argued on appeal that his request was made pursuant to FED. R. CIV. P. 52(b).

[2]     *See Colonial Penn Insur. v. Market Planners Insur. Agency Inc.*, 157 F.3d 1032 (5th Cir. 1998) (examined the district court's findings under Rule 52(a) to determine whether the findings were sufficient to allow for a review of the judgment); *Chandler v. City of Dallas*, 958 F.2d 85 (5th Cir. 1992) (district court's oral findings of fact and conclusions of law did not satisfy the requirements of Rule 52(a)).

52(a), and therefore we retain jurisdiction to decide his appeal.

Secondly, we note that Trowbridge is not an attorney, and did not retain legal counsel. As the district court correctly stated, a non-attorney is not entitled to represent a trust in federal court. *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202, 113 S.Ct. 716, 721, 121 L.Ed.2d 656 (1993) (noting that there exists a "long line of cases" requiring that corporations be represented by counsel when in court, and this "rule applies equally to all artificial entities.") Furthermore, Trowbridge has not appealed this decision by the district court. Consequently, Trowbridge may not proffer arguments on behalf of the trusts.

Although Trowbridge raised a series of arguments in the district court for preventing the enforcement of the summonses, on appeal Trowbridge only claims that the summonses should not have been enforced because the I.R.S. did not cite to a provision of the tax code that established a tax liability for any of the parties summoned. We disagree.

Whether the I.R.S. is required to cite to a taxing statute that establishes a taxpayer's tax liability before issuing a summons is a question of law that we review *de novo*. *See Chandler*, 958 F.2d at 89. The I.R.S. is endowed with the statutory authority to "ascertain the tax liability of all persons who may be liable to pay any Internal Revenue tax." *See United States v. First Nat'l Bank of Dallas*, 635 F.2d 391, 393 (5th Cir. 1981). In order to accomplish this end, the I.R.S. has the authority to "examine records and witnesses (secured by summonses, if necessary) for the purpose of determining the correctness of returns and liability." *Id*.

Moreover, to achieve compliance with its summonses, the I.R.S. may seek enforcement of its summonses by demonstrating to a district court "that [its] investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought

-4-

is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed." *United States v. Powell*, 379 U.S. 48, 57-58, 85 S.Ct. 248, 255, 13 L.Ed.2d 112 (1964).

Although the I.R.S. may seek enforcement of the summonses it issues, a taxpayer may prevent enforcement of an I.R.S. summons by "show[ing] that the IRS is attempting to abuse the court's process." *Barquero v. United States v. Int'l Bank of Commerce*, 18 F.3d 1311, 1317 (5th Cir. 1994) *quoting United States v. Stuart*, 489 U.S. 353, 109 S.Ct. 1183, 103 L.Ed.2d 388 (1989).

Trowbridge claims that enforcing the I.R.S. summonses was an abuse of process because the I.R.S. issued the summonses without citing to a tax provision that established any tax liability on the part of Trowbridge or the trusts. Trowbridge's argument is unavailing. As the Supreme Court indicated in *Powell*, the reason the I.R.S. has been afforded the authority to investigate an individual's tax liability is to determine whether there has been a deficiency. Accordingly, a requirement that the I.R.S. establish a taxpayer's liability, by identifying a provision of the tax code that imposes liability on the taxpayer, before issuing a summons would thwart the I.R.S.'s investigative authority. Therefore, the "I.R.S. [was] not required to establish [a] tax liability [by citing to a taxing statute] prior to issuance of [the] summons[es]." *United States v. McAnlis*, 721 F.2d 334, 336 (11th Cir. 1983); *see also First Nat'l Bank of Dallas*, 635 F.2d at 395 (relying on the fact that a summons may issue in order to determine tax liability).

Regarding Trowbridge's assertion that the district court failed to comply with FED. R. CIV. P. 52(a) because the court's oral findings were not sufficient to allow for adequate review of the judgment, we disagree. Pursuant to FED. R. CIV. P. 52(a), a district court is required to "find the facts specially and state separately its conclusions of law thereon" when an action before it is "tried upon

the facts without a jury." However, as we have previously noted, FED. R. CIV. P. 52(a) "'exacts neither punctilious detail nor slavish tracing of the claims issue by issue and witness by witness.'" *Chandler*, 958 F.2d at 89 (citations omitted). Rather, "[t]he touchstone of our Rule 52(a) analysis has remained the same over the years: Whether we, as an appellate court, can obtain a 'full understanding of the issues on appeal.'" *Chandler*, 958 F.2d at 90 (citations omitted).

In the district court's oral findings, the court specifically stated that the government, through its proffer of an I.R.S. agent's affidavit, as well as additional information, met the four factors annunciated in *Powell* for issuing a summons. Moreover, the court stated that the petitioner failed to provide evidence that disproved "any of the four *Powell* elements or any other appropriate grounds to challenge the summons . . . [for example an] abuse of the court process, [an] excessive burden placed on the taxpayer, [or] a substantial countervailing policy." In addition, the trial court addressed Trowbridge's Fifth Amendment claims, and Trowbridge's standing as a non-lawyer to represent the trusts. Consequently, the trial court provided adequate findings of fact and conclusions of law to allow for a review of its order.

For the foregoing reasons, we AFFIRM.